### 44103. IOWA SHEET METAL CONTRACTORS, INC. v. JENKINS.

JORDAN, Presiding Judge. This is a negligence action for damages resulting from a collision between an automobile owned and driven by the plaintiff, and a tractor-trailer operated by an employee of the defendant. The defendant appeals from an adverse verdict and judgment and the overruling of a motion for new trial. The sole question on appeal is whether the lower court erred in submitting to the jury the issue of the loss of future earnings. *Held:*

Defendant contends that the absence of any specific claim for loss of future earnings in the complaint and the statement of the court, in his pre-trial order, that "The items of damages are set out in the pleadings" completely eliminate any issue of the loss of future earnings as might arise during the trial of the case. This contention we reject. While nothing in the record discloses any effort to amend the *pleadings* specifically to include loss of future earnings, neither does it show any effort specifically to exclude *evidence* of the loss of future earnings. If an issue not raised by the pleadings is tried by the express or implied consent of the parties, it is to be treated as if made by the pleadings, and while amendments to conform to the evidence are authorized, the failure to amend does not affect the result of the trial of an issue not made specifically by the pleadings. See § 15 (b), CPA; Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-115 (b).

Even if *Western & A. R. v. Hart,* 95 Ga. App. 810 (6) (99 SE2d 302), and *Rogers v. Wilson,* 100 Ga. App. 301 (111

SE2d 251), on which the defendant relies, are authority for the proposition that the specific elements of damage must be pleaded, these cases antedate the Civil Practice Act, and if in conflict therewith, are no longer controlling. Moreover, the pleadings were adequate in the case first above cited, and together these cases are authority only for the proposition that it is or may be error to instruct on elements of damage unsupported by any evidence, whatever the state of the pleadings.

The evidence, in the light most favorable to the plaintiff, discloses that before the collision he had not missed a day from work in 22 years, and had earned as much as $140 per week as an automobile mechanic, but that since the collision, he has earned $85 or $90 per week, continues to suffer from neck pains, is unable to do the heavy lifting he did before the collision or to work as regularly or sufficiently to earn as much as before, and that his condition in this respect is more or less static. Under this evidence it could be inferred that he would suffer some loss of future earnings, the value of which the jury could include in its verdict.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JANUARY 13, 1969—DECIDED FEBRUARY 5, 1969.

*McCamy, Minor, Vining & Phillips, Carlton McCamy,* for appellant.

*Joe B. Tucker,* for appellee.