### 45033.  STONE v. CRANFIELD et al.

WHITMAN, Judge. This case arose out of an automobile collision. Betty and Vernon Cranfield brought an action for personal injuries against James L. Stone and his son, Luther Stone. The defendants answered the complaint and filed cross actions. The jury found for the plaintiffs. The defendants made a motion for a new trial on the general and six special grounds but it was denied. Only James L. Stone has appealed. The one enumeration of error is that it was error to deny the motion for new trial, having regard to all of its grounds. *Held:*

1. "On a review of the denial of a motion for new trial on the general grounds, the appellate courts decide only whether the verdict is supported by any evidence." *Wells v. State,* 110 Ga. App. 507 (1) (139 SE2d 151); *Shaw v. Miller,* 213 Ga. 511, 513 (100 SE2d 179); *Kendrick v. Kendrick,* 218 Ga. 460, 461 (128 SE2d 496). The trial court did not err in denying the motion for new trial insofar as its general grounds are concerned as there was ample evidence to support the verdict.

2. Special ground 4 of the motion was that the court erred at the call of the case in dismissing the defendant's cross action under the Three Minute Rule (see Superior Court Rule 41; *Code Ann.* § 24-3341). There was no error with regard to this ground of the motion. The striking of pleadings is not a proper ground, general or special, for a new trial. *Owensby v. Jones,* 109 Ga. App. 398 (7) (136 SE2d 451); *Bearden v. Lane,* 107 Ga. App. 424, 427 (130 SE2d 619).

Even if the question was properly before us for consideration, no reversible error appears. The record shows that at the call of the case the plaintiffs announced ready to proceed with their action and ready to defend against the cross action. However, the defendant stated that his attorney had not shown up, and moved for a continuance. The trial judge denied a continuance, ordered the cross action withdrawn for lack of prosecution, and stated to the jury that the cross action had been withdrawn from their consideration. (The denial of the defendant's request for a continuance was not made a special ground of the motion for new trial. The propriety of the trial court's denial of a continuance is not, in law, raised by the general grounds. Furthermore, in view of the record at that point in the trial, it does not in any wise appear that the trial judge abused his discretion in the matter.) Having regard to the language of the Three Minute Rule, we do not think it authorized the court to summarily dismiss the cross action for lack of prosecution merely because the defendant's attorney did not show up. The defendant was *himself* present and did ask for a continuance which then *prevented* application of the rule.

However, in the midst of the trial, the trial judge announced that he was reinstating the cross action. It is argued that this action in the middle of the trial left the defendant in "consternation"; that the reinstatement could not cure the initial error; and that it prejudiced the defendant's case.

When the cross action was reinstated it then became the right of the defendant to present the same case he was prepared to do at the outset. The record reflects no inhibition of that right whatsoever. If because of the timeliness of the reinstatement, the defendant's right was prejudiced (e.g., if a witness had been

excused), a motion for a continuance or such other relief as deemed necessary could have been made at that point. In this case the defendant chose to proceed and presented his case. He can not complain that he was deprived of a full and complete presentation of his case if he did not then invoke application of the procedures available for securing that right.

3. The Transamerica Insurance Company was an intervenor in the action as allowed by an amendment to the uninsured motorist law. Ga. L. 1967, pp. 463, 464 (*Code Ann.* § 56-407.1 (d)). Defendant Stone was uninsured. "Evidence of insurance is proper 'where the insurer is a party to the proceeding.'" *Jiles v. Smith,* 118 Ga. App. 569 (164 SE2d 730). Special ground 5 of the motion for new trial was without merit.

4. The remaining four special grounds are without any merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 6, 1970—DECIDED JULY 9, 1970.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Frank M. Gleason,* for appellees.