46777.   RUTLEDGE et al. v. GLASS et al.

CLARK, Judge. Appellants, a defendant motorist and the Lumbermen's Mutual which carried the uninsured motorist coverage on the plaintiff's vehicle, have appealed an adverse verdict to this court after the overruling of their motion for new trial as amended. There are five enumerations of error. *Held:*

1. Plaintiff testified as to his purchase price of the automobile and study of want-ads and familiarity with prices of automobiles, and further testified as to make, model, and year, and the addition of new tires and a new water pump. This was sufficient foundation for him to testify as to the value of the car before the accident. With reference to the value after the accident, he not only testified specifically as to the parts damaged, but also provided

itemized repair estimates from two shops. This too was sufficient foundation. No expert witness was needed. *Code* §§ 38-1708, 38-1709; *National Ben Franklin Fire Ins. Co. v. Darby,* 48 Ga. App. 394 (3) (172 SE 819); *Johnson v. Rooks,* 116 Ga. App. 394 (157 SE2d 527); *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123 (173 SE2d 120).

2. Where an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision. *Douglas v. Prescott,* 31 Ga. App. 684 (121 SE 689); *Lamon v. Perry,* 33 Ga. App. 248 (125 SE 907); *Mitchell v. Mullen,* 45 Ga. App. 282 (5) (164 SE 276); *Hay v. Carter,* 91 Ga. App. 540 (86 SE2d 532); *Cooper v. Metropolitan Transit System,* 117 Ga. App. 764 (161 SE2d 916). There was no error in the trial judge including this principle in his charge.

3. Where testimony of plaintiff wife describes her injuries arising out of the collision and a number of visits to a named doctor for treatment and the husband identifies the doctor's bill and states his payment thereof, it is not necessary to have the physician testify that the charges were reasonable and necessary. *Code Ann.* § 38-706.1. See also *Smith v. Davis,* 121 Ga. App. 704, 708 (175 SE2d 28), and *Johnson v. Rooks,* 116 Ga. App. 394, 397 (157 SE2d 527).

4. Where an insurer intervened in its own name in compliance with *Code Ann.* § 56-407.1 (d) under an uninsured motorist situation, the trial court was correct in overruling a mistrial motion based on the contention that plaintiff had injected "the uninsured motorist coverage." *Jiles v. Smith,* 118 Ga. App. 569 (164 SE2d 730); *Stone v. Cranfield,* 122 Ga. App. 178 (176 SE2d 498).

5. The alleged error in permitting the insurer's motion to intervene to go out to the jury with the pleadings does not appear to have been argued in the court below or in the motion for new trial as amended and, therefore, cannot be raised for the first time on appeal. *Crawford v.*

*Wilson,* 142 Ga. 734 (2) (83 SE 667); *Shippen v. Cloer,* 213 Ga. 172 (97 SE2d 563); *Guarantee Trust Life Ins. Co. v. Hill,* 90 Ga. App. 287 (2) (82 SE2d 885); *Conkle v. Babb,* 93 Ga. App. 405 (2) (91 SE2d 789).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED JANUARY 5, 1972—DECIDED JANUARY 21, 1972— REHEARING DENIED FEBRUARY 23, 1972—

*Lee Hutcheson, William H. Whaley, Glenville Haldi,* for appellants.

*George & George, William V. George,* for appellees.