## 48746. McGILL v. PRECISION PRESS, INC.

STOLZ, Judge. The plaintiff corporation brought an action against its former employee to recover the excesses of advances over commissions, in the amount of $2,365. The defendant appeals from the judgment on the verdict for the plaintiff in the amount of $1,000, contending that the verdict was repugnant to the evidence in that, under the evidence, the plaintiff was entitled to the full amount sought or nothing at all. *Held:*

"A prerequisite to the right of the principal to recover the excesses of advances over earned commissions, under the authorities cited, is the existence of an 'express or implied agreement, or promise to repay' such excesses," either in a written contract or in a parol agreement. *Kennesaw Life &c. Ins. Co. v. Hendricks,* 108 Ga. App. 148, 151 (132 SE2d 152) and cits. In the instant case there was no written contract and the evidence was in direct conflict as to whether there was a parol agreement for the employer to recover the excesses of advances over earned commissions. The jury, as judges of the parties' credibility, determined that such a parol agreement existed, which finding was authorized by the evidence. While the verdict was for an amount less than that which the plaintiff was entitled to recover if entitled to recover at all, the defendant can not complain of this apparent compromise verdict. "The method by which a jury reaches a

particular verdict is not a matter of which this court can take judicial cognizance. So far as this court is concerned, it is sufficient that a verdict is authorized by evidence, and it is not ground for complaint by a losing party that the jury allowed his opponent in the action a less[er] amount than they might lawfully have awarded." *Hicks v. Walker,* 17 Ga. App. 391 (2) (87 SE 152). See also *Smallpiece v. Johnson,* 210 Ga. 310, 315 (3) (80 SE2d 296) and cits. Whether or not the suit was for liquidated damages, does not change the result. See *Johns v. League, Duvall & Powell, Inc.,* 202 Ga. 868, 872 (45 SE2d 211).

Accordingly, the verdict being authorized by the evidence, the trial judge did not err in entering judgment on the verdict and in overruling the defendant's motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 8, 1973 — DECIDED JANUARY 7, 1974.

*Harrison & Garner, G. Hughel Harrison, James W. Garner,* for appellant.

*Richard E. Thomasson,* for appellee.