## 61668. PLAZA PONTIAC, INC. v. SHAW.

SHULMAN, Presiding Judge.

Appellee purchased a van from appellant. In the course of negotiating the sale, appellee and agents of appellant noted certain problems which required repair by appellant. After the sale, appellee discovered a serious defect which resulted from previous damage to the vehicle. The damage had been concealed. Appellee sought various forms of relief from appellant, including rescission of the purchase agreement. When appellee decided he would not be able to obtain the desired relief from appellant, he brought this suit under the Fair Business Practices Act (Code Ann. Ch. 106-12) (hereinafter "FBPA"). Appellee later amended his complaint to add several common law theories of recovery. Appellant brought a third-party complaint against the corporation from which it had purchased the van. At trial, a mistrial was granted to the third-party defendant only. The main case proceeded to a jury verdict for appellee. This appeal is from the judgment entered on that verdict.

1. A witness for appellant testified in response to a question from appellant's counsel about an offer by the third-party defendant to pay appellee's damages. In response to the timely motion for mistrial made by the third-party defendant's counsel, the trial court severed the third-party action from the main action and granted the mistrial as to the third-party defendant only. Appellant has enumerated both those actions as error, contending that it should have had a mistrial also.

" 'The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Cits.]' " *Newton v. Cohen-Walker-Bailie, Inc.,* 111 Ga. App. 753 (143 SE2d 14). We see no abuse of discretion in this instance. Appellant's counsel elicited from appellant's witness testimony that the third-party defendant had agreed to pay all of appellee's damages. That statement was inadmissible under Code Ann. § 38-408 and was clearly prejudicial to the third-party defendant. The grant of the third-party defendant's

motion for mistrial was proper.

Also proper, in our opinion, was the trial court's decision to sever the third-party action from the main action. "The trial court has wide discretion in joinder or separation of claims and counterclaims of the various litigants." *Hixson v. Barrow,* 142 Ga. App. 65, 68 (234 SE2d 805). The trial court also had express statutory authority to sever the trials: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim . . ." Code Ann. § 81A-142 (b). The testimony elicited from appellant's witness by appellant's counsel was prejudicial to the third-party defendant and was sufficient to trigger the authority granted by Code Ann. § 81A-142 (b).

Appellant's argument that a mistrial should have been granted to all parties or none is without merit. "[I]t was not error to refuse the defendant's motion for mistrial based on the testimony elicited by the movant." *Hill v. State,* 114 Ga. App. 527, 528 (151 SE2d 818). Although the testimony was arguably prejudicial to appellant as well as to the third-party defendant, any harm suffered was caused by appellant and provides no ground for reversal.

2. Approximately six weeks before the filing of the complaint in this action, an attorney representing appellee wrote a letter to appellant setting out the reasons for appellee's dissatisfaction with the van and demanding that action be taken to resolve the matter. Appellant's attorney responded with an offer for a different relief than that demanded by appellee.

At trial, the question of the notice required by Code Ann. § 106-1210 (b) was raised. No issue was made of the fact of notice, but appellant contended that the notice was not sufficient. The trial court's ruling that it was sufficient is enumerated as error.

The question of sufficiency of notice is one for the court. *Colonial Lincoln-Mercury Sales v. Molina,* 152 Ga. App. 379 (262 SE2d 820). Our review of the evidence supports the trial court's determination that the notice given was timely, identified the claimant, and reasonably described the unfair act or practice and the injury suffered. See Code Ann. § 106-1210 (b).

In the same enumeration of error, appellant complains of the exclusion from evidence of its attorney's response to the letter from appellee's attorney. We find no error. The trial court also withheld from the jury the letter from appellee's attorney. Those letters related only to an issue on which the trial court had already ruled. They were not relevant to any issue before the jury. It was, therefore, appropriate that they not be given to the jury for its consideration.

3. After the close of plaintiff-appellee's evidence, the trial court permitted appellee to reopen his case for the purpose of calling as a

witness a representative of Concept Engineering, Inc., the third-party defendant to whom a mistrial had already been granted. Appellant contends that the trial court abused its discretion in two regards: in permitting appellee to reopen his case and in allowing appellee to call a witness who had been in the courtroom during all the other testimony.

It is within the trial court's discretion to allow a party to reopen its case and present additional evidence. *Community Ed. Center v. Cohen,* 151 Ga. App. 77 (258 SE2d 742). Enforcement of the rule of sequestration is also a matter of the trial court's discretion. *Simonton v. State,* 151 Ga. App. 431 (3) (260 SE2d 487).

The witness called by appellee had been allowed to stay in the courtroom until the mistrial was declared because he was a representative of the third-party defendant. See *Harrison v. Central Ga. Automotive Co.,* 31 Ga. App. 603 (3) (121 SE 689). Had there been no mistrial, appellee would have had an opportunity to cross examine the witness during the presentation of the third-party defendant's case. Since appellee's opportunity to question the witness was destroyed by the mistrial which was made necessary by the testimony of appellant's witness in response to a question by appellant's counsel, we see no abuse of discretion in the trial court's action.

4. Appellant contends that the trial court erred in denying appellant's motion for a directed verdict on all counts of appellee's complaint. We need consider only the first count, involving the FBPA, since appellee voluntarily dismissed the other counts prior to a ruling on the portion of appellant's motion dealing with those counts.

The only issue argued on appeal in support of appellant's allegation of error concerns proof of actual damages. A review of the record shows that appellee's witness, properly qualified as an expert, testified as to repair cost and diminution of value as a result of the damage to the vehicle. That testimony was sufficient to send the question of actual damages to the jury. *Rose Mill Homes, Inc. v. Michel,* 155 Ga. App. 808 (1) (273 SE2d 211).

5. When this case was submitted to the jury, the only claim for relief was based on the FBPA, all other counts of the complaint having been voluntarily dismissed. The trial court charged on the pertinent portions of the FBPA, including the provision in Code Ann. § 106-1210 for exemplary damages in cases of intentional violations. Although appellant made no objection to the charge on exemplary damages at the time the trial court was considering objections, appellant did raise the issue before the jury began deliberations. The objection made was that since there was no demand for exemplary damages in the FBPA count of appellee's complaint, the charge

thereon was erroneous. The trial court denied appellant's request that the issue be withdrawn from the jury and, instead, permitted appellee to amend his complaint to seek such damages. Appellant has enumerated as error both the jury charge and the allowance of an amendment. We find no error.

Both sides of the case submitted evidence germane to the issue of exemplary damages. Contrary to appellant's contention on appeal, not all that evidence pertained solely to the counts of the complaint which were voluntarily dismissed. Since the evidence was admitted without objection and the issue was tried, the pleadings could have been treated as though they were amended. Code Ann. § 81A-115 (b). That same section authorizes the trial court to permit amendment of the pleadings when objection is raised. That was the action taken by the trial court here. Appellant's enumerations of error concerning the jury charge and the amendment are without merit. See also *Rude v. Rude,* 241 Ga. 454 (2) (246 SE2d 311); *Iowa Sheet Metal Contractors v. Jenkins,* 119 Ga. App. 162 (166 SE2d 599).

6. The jury awarded appellee actual damages of $7,000. Admitting that there was no evidence to support a verdict in that amount, appellee requested that the trial court reduce that element of damages to $1,500, three times the highest amount testified to by appellee's witness. The trial court granted appellee's request.

Appellant contends on appeal that the trial court erred in failing to limit the verdict by means of an appropriate jury instruction to the dollar amounts testified to by appellee's witness. Appellant also insists that the verdict as rendered was without evidentiary support and that the trial court erred in reforming the verdict.

The trial court's action in entering judgment for only $1,500 actual damages was authorized by Code Ann. § 110-112. Not only was that action not error, it cured any error which may have occurred in the jury charge on actual damages and in the verdict. "We can see no objection to allowing a plaintiff to write off from [the] recovery voluntarily any sum whatever. If by so doing any excess of damages found by the verdict is voluntarily relinquished, it would seem that the amount of the verdict would no longer be a cause for a new trial. Why should there be a new trial solely for the purpose of reducing the damages, when the plaintiff had voluntarily relinquished all that could be treated as excess?" *Augusta R. Co. v. Glover,* 92 Ga. 132, 148 (18 SE 406).

7. In five related enumerations of error, appellant contends that the evidence did not show any violation of the FBPA. For that reason, it asserts that the trial court erred in charging on intentional violations, that the awards of punitive damages and attorney fees were not supported by evidence of an intentional violation, and that

it was error to deny appellant's oral motion for judgment notwithstanding the verdict.

The record does not support those assertions. Considering the evidence and the inferences therefrom in a light most favorable to upholding the verdict (*Williams v. Stankowitz,* 149 Ga. App. 865 (256 SE2d 147)), it authorized a finding that appellant sold to appellee as a new vehicle one which had been damaged and reconditioned (see Code Ann. § 106-1203 (b)(6)) and that that violation of the FBPA was volitionally committed with culpable knowledge of the nature of the act. *Colonial Lincoln-Mercury Sales v. Molina,* supra, Division 2. Those findings would authorize awards of actual and exemplary damages and attorney fees, an appropriate jury instruction on intentional violations, and the denial of appellant's motion for judgment n.o.v.

8. The trial court charged the jury that "frequently among the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." Appellant argues that the charge was prejudicial, confusing, and not supported by the evidence.

The charge was taken verbatim from the Supreme Court's decision in *Brown v. Matthews,* 79 Ga. 1, 8 (4 SE 13). We find it quite pertinent to the present case. Where the plaintiff contends that the defendant has done a particular act, the proof can usually be made by direct evidence. But where, as here, the plaintiff also alleges that the defendant deliberately did the act with culpable knowledge that the act was wrongful, it would be most unusual for the plaintiff to have access to direct evidence of such knowledge. The proof of that element in a case such as this one, in the absence of admissions by the defendant, is necessarily by circumstantial evidence. That being so, inferences must be drawn from the evidence. That is what the complained-of charge stated in this case. Given the evidence which had been presented, we find the charge appropriate. We do not find the charge confusing or prejudicial.

9. The trial court also charged on Code Ann. § 38-119: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." Appellant's contention that that charge was not authorized by the evidence is clearly incorrect. Appellee produced a copy of an internal document prepared by appellant's agents. The copy was admitted because appellant failed to produce the original in response to a subpoena. In addition, appellant failed to produce as

witnesses several individuals who were involved in the transaction with appellee and who were in positions in which they would have had knowledge pertinent to the trial of this case. The charge was amply authorized by the evidence.

*Judgment affirmed. Sognier, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JUNE 16, 1981.

*Harold B. Thompson,* for appellant
*Louis K. Polonsky,* for appellee.