69653. PACES FERRY DODGE, INC. v. THOMAS.
(331 SE2d 4)

BIRDSONG, Presiding Judge.

Norman Thomas sued Paces Ferry Dodge Inc. under the Fair Business Practices Act (FBPA), OCGA § 10-1-391 et seq. and for breach of warranty, for damages sustained when he purchased from appellant a vehicle which he claims was not "new" and did not have the qualities as represented but was defective. Thomas went to appellant's dealership intending to have his old car repaired but decided to buy a new car instead. He test-drove a 1980 Dodge Diplomat and was impressed by its handling; he asked whether a two-door vehicle he admired drove the same as the four-door he had test-driven, and was informed by the salesman that they drove the same. He did not test-drive the vehicle he bought, but he had driven no more than a block from the dealership before he detected a distinct vibration in the steering wheel. He returned the car for repair within the next few days, but the defect could not be located.

Over the next three and one-half years, he had the wheels aligned repeatedly, bought new tires, and had numerous mechanics investigate the cause of the vibration but nothing improved the problem. Finally, one mechanic discovered that the rear end alignment pin was broken. According to that expert witness, the pin had been broken a very long time and could only have been broken by a serious accident or by a jolt when the car was being unloaded at the dealership. According to the witness, who had previously worked for a dealership, the vibration should have been discovered in a "new-car prep" performed by all dealers upon new cars. Upon this basis, and the unassailed fact that the appellee discovered the serious defect just after leaving the dealership, the appellee contended the appellant committed an unfair or deceptive act or practice by representing the car as original or new when it was deteriorated or representing the car was of a particular standard, quality, or grade (OCGA § 10-1-393 (a) (b) (6) (7)). The jury returned a verdict for Count I under the Fair Business Practices Act for $1,500 treble damages, $3,255 attorney fees, $10,000 exemplary damages and court costs, and $500 under the

breach of warranty count. Appellee elected to collect under the FBPA award only. Appellant appeals. *Held*:

1. Appellant contends the trial judge erred in denying its motion for directed verdict as to the legal sufficiency of the appellee's notice as set forth in OCGA § 10-1-399 (b). It is well settled the question of sufficiency of notice is one for the court (*Plaza Pontiac v. Shaw*, 158 Ga. App. 799, 800 (282 SE2d 383); *Colonial Lincoln-Mercury Sales v. Molina*, 152 Ga. App. 379, 382 (262 SE2d 820)); the trial court did not err in finding this one sufficient.

OCGA § 10-1-399 (b) provides that at least thirty days prior to the filing of any action, a written demand for relief be sent, "identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered. . . ." The notice here provided: "I have been retained by Norman W. Thomas in regard to the 1980 Dodge Diplomat automobile (Vehicle No. GL22CAG210258) which he purchased from you on September 29, 1980. As I am sure you are aware, since that time my client has experienced continuous problems with the alignment, front end, axle and wheels and the transmission. He has repeatedly brought his automobile in for repairs of these various items but the problems continue to exist. In addition to the warranty work which has been done on his automobile, he has expended various sums for repairs including, but not limited to, front end alignment and new tires. . . . [N]otice is hereby given you of the claim which Norman W. Thomas has against you for selling him an automobile which clearly was not up to the standards required of a new automobile." This language reasonably described the unfair or deceptive practice relied upon and the injury suffered as required by OCGA § 10-1-399 (b), particularly under the liberal construction we are required to give the provisions of the Act. OCGA § 10-1-391 (a).

2. Appellant contends the trial judge erred in denying its motion for directed verdict as the sale of a vehicle is not a violation of the FBPA, and that there is no evidence of a violation of the FBPA. Essentially, appellant argues that it committed no unfair or deceptive act within the meaning of the FBPA because there was only a sale with no evidence that appellant knew of the defect or concealed its existence. However, appellee's expert witness testified that in a "new car prep," a car is roadtested or driven to detect such a defect, and there was evidence that the slightest attention on appellant's part, equivalent to knowledge, would have uncovered the defect. We do not think that the appellee was required, as a matter of law, to test drive the particular new car he bought so as to exercise reasonable diligence on his own part, as in the sale of land acreage case of *Zeeman v. Black*, 156 Ga. App. 82, 87 (273 SE2d 910), but the question of diligence was one of fact for the jury. The jury was charged as to the appellee's duty to exercise reasonable diligence, pursuant to the rule

drawn in *Zeeman,* supra, and patently found that reasonable diligence did not require him to test-drive a new car or lose his remedy under the Fair Business Practices Act. See *Horne v. Claude Ray Ford Sales,* 162 Ga. App. 329 (290 SE2d 497).

Appellant argues that as a mere vendor it was under no duty or obligation to test the vehicle for hidden or latent defects (*King Hardware Co. v. Ennis,* 39 Ga. App. 355 (147 SE 119)); but while the defect in this case may have been latent, the damage as reflected in the recurring mechanical problems was rendered patent and it is that damage which appellee contends was easily discoverable in the performance of the new car "prep." The jury was charged as to the law and obviously concluded that under the circumstances of the case the appellant had knowledge of the damage.

3. Likewise, the jury was instructed as to the law and found the appellant unconscionably and thus intentionally committed an unfair or deceptive act or practice, so as to sustain the verdict for treble damages and punitive damages. OCGA § 10-1-399 (a) (c). While the acts of the appellant in the circumstances of this case do not demand a finding that they were intentional or deceptive or unfair practices, we are required by the Act to give a liberal construction to its provisions (including the unfair practices requirement § 10-1-393 (a)) and we cannot say a jury is unauthorized by this evidence to so conclude.

4. Appellant was not entitled to a directed verdict on grounds that there is no evidence establishing damages, nor does the jury verdict fail for lack of evidence. The appellee testified that he spent $430.59 for new tires when the car "chewed up" the original tires with less than 3,000 miles on them; he spent altogether $1,000 and showed receipts for amounts exceeding $500 spent replacing tires and attempting to find and repair whatever defect caused the serious vibration. These damages are not disallowable merely because they failed to result in a solution to the problem. Appellee also testified that, based on his own experience selling cars at marshal's sales, this car was worth $2,000 less than he paid for it, or $5,500 at the time of purchase. See *Rutledge v. Glass,* 125 Ga. App. 549 (188 SE2d 261). The jury awarded $500 in actual damages, trebled to $1,500, and they are well supported by the evidence. " 'The method by which a jury reaches a particular verdict is not a matter of which this court can take judicial cognizance. So far as this court is concerned, it is sufficient that a verdict is authorized by evidence, and it is not ground for complaint by a losing party that the jury allowed his opponent in the action a less[er] amount than they might lawfully have awarded.' " *McGill v. Precision Press,* 130 Ga. App. 546-547 (203 SE2d 764).

5. Appellant raises an enumeration of error on the breach of warranty award, but we find it moot inasmuch as the appellee has elected to seek satisfaction of the judgment under the Fair Business Practices

Act alone. See *UIV Corp. v. Oswald*, 139 Ga. App. 697 (229 SE2d 512).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

## ON MOTION FOR REHEARING.

The appellant Paces Ferry Dodge complains that the opinion wrongly holds it liable under the Fair Business Practices Act for a *latent* defect which appellant says it did not know about and therefore did not intentionally violate the Act. However, the evidence in this case is clear that the strong vibrations in this car would have been discovered by the slightest attention during the "new car prep," and were in fact discovered (although its cause remained unknown) when appellee first brought the car back to appellant's dealership. The jury, having been charged that the violation must be intentional, obviously determined that the appellant *did know* about the vibrations or that the defect was so patent the dealer could not have failed to know of it. This opinion upholds a jury verdict as to those facts determined, and does not represent a holding that sellers will be held liable under the FBPA for sale of merchandise with latent or undiscoverable defects without the requisite intent.

*Motion for rehearing denied.*

DECIDED APRIL 2, 1985 —
REHEARING DENIED APRIL 29, 1985 —

*Philip M. Casto*, for appellant.
*Albert R. Sacks*, for appellee.