## 75976. DeLOACH et al. v. GENERAL MOTORS et al.

(369 SE2d 484)

BIRDSONG, Chief Judge.

This is an appeal from a defendant's verdict, in a case involving a defective new car. The plaintiffs, Perry Tucker and James DeLoach d/b/a Candler Timber Company, claimed damages for fraud, breach of warranty, and violation of the Fair Business Practices Act. *Held*:

1. A named appellee NeSmith Chevrolet, Oldsmobile, Pontiac, Inc. is dismissed from this appeal on motion because it was dismissed in the court below and is not a party to the appeal.

2. Appellants contend the verdict is contrary to the evidence and the weight of the evidence, since it was undisputed plaintiffs suffered damages through no fault of their own. This argument overlooks the fact that, however damaged, and even though evidence of damage is undisputed, the plaintiff is not entitled to a verdict recovering damages unless the jury finds defendant liable for the damage. The jury found defendant General Motors not liable for whatever undisputed damage appellants incurred.

3. The trial court did not err in charging that "where a warranty offers to replace defects in a motor vehicle, there is no breach of warranty upon which the Plaintiff may recover if the Plaintiff has not given the opportunity, within a reasonable time, to replace or repair the defects under the terms of the warranty. Only when there is a refusal to repair or replace, or there is a lack of success in making repairs or replacement, has breach of warranty occurred."

Appellants concede that the charge given is basically correct (*Space Leasing v. Atlantic &c. Systems*, 144 Ga. App. 320, 325 (241 SE2d 438)); but they contend the charge is inapplicable to this case because they did not want a repaired car and would be satisfied by nothing less than a new car, in place of the defective vehicle. However, the law does not entitle appellants to a new car upon proof of a defect, but only to a remedy upon the breach of warranty. The express warranty attaching to this vehicle provided that General Motors would repair any defects in material and workmanship. It also provided: "If you are not satisfied with the repairs, you should follow the steps shown on pages 14 and 15. In those few cases where our 3-step satisfaction procedure fails to resolve an owner complaint, we also offer (at no cost to you) the GM Mediation/Arbitration Program, which provides for review of the facts by an independent third party. You must use this Program before seeking remedies provided in some laws, including the Magnuson-Moss Warranty Act; however, use of the Program is not required by some other laws. See page 15 for further information about the GM Mediation/Arbitration Program or use the addressed form provided under 'Owner Assistance' to write us." These being the express provisions and conditions of the war-

ranty, a breach of that warranty would occur only upon GM's refusal to remedy the defect or a lack of success in the attempts to remedy. *Ford Motor Co. v. Gunn*, 123 Ga. App. 550, 551 (181 SE2d 694). Since GM was not permitted by appellants to attempt to repair the defect, it cannot be liable for breach of the warranty attaching to the vehicle. It is not sufficient to obviate the warranty remedy that the appellants contend that an attempt to repair would have been a useless act and that their insistence on a new car was not unreasonable. Whether an attempted repair would have been a useless act, resulting in extant damages, was a proposition not permitted to be tested or proved by the appellants, and thus it cannot be determined as a matter of law that their insistence upon a new car was reasonable. The jury found it was not.

4. Enumeration 5 is deemed abandoned for failure to argue and cite authority. *Hazlett &c. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25 (351 SE2d 218).

5. Appellants contend the trial court erred in directing a verdict for General Motors on appellant's count for violation of the Fair Business Practices Act (FBPA), OCGA § 10-1-390 et seq. However, the appellants failed to show an " '*unfair or deceptive act or practice* which had or has potential harmful effect on the general consuming public.' " (Emphasis supplied.) *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483, 484 (352 SE2d 806). If we grant that every other element necessary to maintain an action under the FBPA was proved, nevertheless, the situation in this case involved one defective door in one vehicle, which defect was apparently not visited on the consuming public, and which the appellants refused to allow the appellee to attempt to repair. The case was otherwise, and an FBPA violation was proved in *Paces Ferry Dodge v. Thomas*, 174 Ga. App. 642 (331 SE2d 4) because it was shown the defect could only have been caused by a serious accident or a jolt when the car was unloaded at the dealership that it would have been uncovered in the customary "dealer prep." The dealer in *Paces Ferry Dodge* evidently did not perform the customary dealer prep, for it was proved that the slightest attention on the dealer's part would have uncovered the defect; and this failure to perform dealer prep would affect the consuming public. Appellants concede General Motors' agents performed a new car inspection, but contend only that the damage was obvious to anyone with experience in that regard. The failure to notice this defect, and refusal to give appellants a new car, are not by themselves an unfair or deceptive practice affecting the consuming public. All we have in this case is a defective car, a car less than perfect, but no *unfair or deceptive act* imposed upon the consumer marketplace. The appellants, of course, contend it was unfair of appellee to refuse to give them a new car after appellants refused to allow the appellee to fix the other car

under the warranty. This stance (appellants call it a "policy") is not so unreasonable or unfair as to amount to an "unfair practice" visited on the public, when the warranty provides a remedy for a breach.

6. Argument is made on what was not enumerated as error, namely, that the trial court erred in charging the jury that appellants had elected to affirm the contract and sue for damages, and thus could not rescind the contract. See *Bob Maddox Dodge v. McKie*, 155 Ga. App. 263 (270 SE2d 690). We will nevertheless address this contention for the purpose of laying it to rest. The charge arose from the fact that appellants did not restore or offer the fruits of the contract (OCGA § 13-4-60) and hence would not sue for fraud. The appellants' insistence that they would not have the defective door on the car repaired but would accept only a new car in its stead, does not amount in fact or effect to a tender back of the car purchased. While some might assume that necessarily appellants in effect meant they would return the car, not a thing was said about doing so; and such inference is unauthorized for it can easily be seen that on the same facts, appellants (if they wished) could freely and with great merit argue that they never tendered back the car and rescinded the contract, and never meant to sue for fraud.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 12, 1988 —
REHEARING DENIED MAY 16, 1988.

*Bobby T. A. Jones, Michael L. Chidester*, for appellants.
*Sam L. Brannen, Jon G. Branan, Gary L. Mikell*, for appellees.