## A05A0053. CULBERSON v. MERCEDES-BENZ USA, LLC.
### (616 SE2d 865)

BERNES, Judge.

Plaintiff Yolanda Culberson appeals from the Fulton County Superior Court's order granting partial summary judgment to defendant Mercedes-Benz USA, LLC ("MBUSA") in her action for alleged unrepaired electrical and paint defects in her 2002 Mercedes-Benz C240W. Culberson brought claims for breach of express warranty, breach of implied warranty, and revocation of acceptance under the Uniform Commercial Code — Sales (OCGA § 11-2-101 et seq.) and the Magnuson-Moss Warranty Act (15 USC § 2301 et seq.) (the "Federal Warranty Act"). On appeal, Culberson challenges the trial court's grant of summary judgment to MBUSA on her express warranty claim and on her claims brought pursuant to the Federal Warranty Act. Finding no error, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), abrogated in part on other grounds, *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). "On appeal from the grant of summary judgment this Court conducts a de novo review. . . ." (Citation omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

So viewed, the record shows that on or about May 25, 2002, Culberson purchased the complained-of vehicle from Atlanta Classic Cars, Inc., an authorized MBUSA dealership, for $38,625.53. The Service and Warranty Information manual that came with the vehicle contained a manufacturer's limited warranty (hereinafter referred to as the "Warranty Provision") which provided: "[MBUSA] warrants to the original owner and each subsequent owner of a new Mercedes-Benz passenger car that any authorized Mercedes-Benz Center will make any repairs or replacements necessary[ ] to correct defects in material or workmanship." Significantly, the manual also contained a provision (hereinafter referred to as the "Enforcement Provision") which stated as follows:

## Warranty Enforcement Laws
## (Lemon Laws)

Laws in many states and federal laws permit owners and/or lessees to obtain a replacement vehicle or a refund of the purchase or lease price under certain circumstances. The provisions of these laws vary from state to state and vary from the federal law. To the extent allowed or not prohibited by applicable law, Mercedes-Benz USA, LLC requires that you first provide us with written notification of any alleged unrepaired defect or malfunction, or any other dissatisfaction you have experienced with your vehicle so that we have the opportunity to cure the problem or dissatisfaction ourselves. Giving MBUSA itself this direct notice and opportunity to cure enables us to supplement prior efforts by our authorized dealers so any ongoing problem can be resolved or the dissatisfaction addressed. . . .

Only two months after buying the vehicle, Culberson first returned it to Atlanta Classic Cars' repair facility in order to have a side window problem corrected. Over the following five months, Culberson returned the vehicle for repairs nine additional times based on multiple alleged problems, including continuing side window malfunctions and defects in the gas gauge and windshield wipers.

On or about November 8, 2002, Culberson's attorney forwarded a letter to MBUSA which gave the corporation notice that Culberson's vehicle had electrical and paint defects and advised MBUSA of Culberson's intent to proceed against MBUSA pursuant to the Georgia Lemon Law and/or the Federal Warranty Act. Although the letter also stated that it was intended to give "Notice to Manufacturer of Final Opportunity to Repair pursuant to OCGA § 10-1-784 (a) (1)," the letter went on to state that Culberson was revoking her acceptance of the vehicle and was demanding return of all funds paid toward the vehicle.

MBUSA responded by letter, dated November 21, 2002, seeking to clarify Culberson's contentions and requesting a final opportunity to inspect the vehicle and to cure. The letter stated:

[I]n accordance with the express provisions of the written warranty and the [Federal] Warranty Act you also are required to provide MBUSA with an opportunity to cure, prior to filing suit. Accordingly, please contact [the undersigned] directly so that MBUSA may schedule an inspection and have the required opportunity to cure.

On December 2, 2002, Culberson's counsel forwarded a response letter to MBUSA indicating that the company could conduct a "final inspection" of the vehicle so long as it gave notice at least 15 days in advance. Notably, the response letter did *not* state that MBUSA itself would be provided a final opportunity to cure or repair any alleged defects in addition to being provided an opportunity to inspect the vehicle.

MBUSA was attempting to schedule an inspection when Culberson filed her complaint on December 31, 2002. Subsequently, MBUSA moved for summary judgment, which the trial court granted in part. The trial court ruled that Culberson's express warranty claim failed as a matter of law because she had not given MBUSA itself a final opportunity to cure the defects in the vehicle prior to filing suit, as required by the express terms of the Enforcement Provision. Likewise, the trial court concluded that Culberson had no viable claims under the Federal Warranty Act because she had not provided MBUSA its own reasonable opportunity to cure the defects under 15 USC § 2310 (e).

1. Culberson contends that the trial court erred in granting summary judgment to MBUSA on her express warranty claim. Culberson does not disagree that she failed to provide MBUSA itself a final opportunity to cure the alleged defects in the vehicle; rather, she contends that it was sufficient for her to give Atlanta Classic Cars, an authorized dealership repair facility, an opportunity to cure. We disagree.

When a warrantee brings a breach of express warranty claim, the terms of the written warranty control. *Dryvit Systems v. Stein*, 256 Ga. App. 327, 329 (1) (568 SE2d 569) (2002); *DeLoach v. Gen. Motors*, 187 Ga. App. 159, 159-160 (3) (369 SE2d 484) (1988). Thus, a warrantee can succeed on a breach of the warranty claim only if she has first satisfied the express conditions precedent for enforcement "as prescribed" by the warranty. *Dryvit Systems*, 256 Ga. App. at 329 (1).

Here, the trial court correctly concluded that compliance with the Enforcement Provision was a condition precedent to Culberson's judicial enforcement of her right under the limited warranty to seek a replacement vehicle or her money back. The plain language of the Enforcement Provision required Culberson to provide MBUSA itself an opportunity to cure any perceived defects in the vehicle prior to the filing of a warranty suit, over and above any opportunities provided to individual dealerships to repair the vehicle or replace defective

parts.[1] See *Lewis v. Mercedes-Benz USA, LLC*, No. 1:03-CV-4000-JOF, Order at 8-10 (N.D. Ga. Sept. 13, 2004) (interpreting identical provision in the same manner). Because Culberson failed to satisfy that condition precedent in this case, she cannot proceed with her express warranty claim against MBUSA. Accordingly, the trial court properly granted summary judgment to MBUSA on the express warranty claim.

2. Culberson similarly contends that the trial court erred in granting summary judgment to MBUSA on all of her Federal Warranty Act claims because she satisfied the requirements of 15 USC § 2310 (e) by allowing an authorized dealership repair facility an opportunity to repair the vehicle defects. We cannot agree.

15 USC § 2310 (e) provides that "No action . . . may be brought . . . for failure to comply with any obligation under any written or implied warranty . . . unless the person obligated under the warranty . . . is afforded a reasonable opportunity to cure such failure to comply." Compliance with the "reasonable opportunity to cure" requirement imposed by 15 USC § 2310 (e) is a condition precedent to pursuing successful claims under the Federal Warranty Act. *Cunningham v. Fleetwood Homes of Ga.*, 253 F3d 611, 618 (11th Cir. 2001).

Here, the Warranty Provision read in conjunction with the Enforcement Provision shows that "the person obligated under the warranty" was MBUSA itself, not the individual dealership repair facilities like Atlanta Classic Cars. See *Lewis v. Mercedes-Benz USA, LLC*, Order at 8. Based on the unique language of the Enforcement Provision, it is clear that MBUSA did not delegate its right to cure vehicle defects to the individual dealership repair facilities. Thus, Culberson was required to give MBUSA its own reasonable opportunity to cure the defects in the vehicle, separate and distinct from any interactions or communications Culberson had with individual dealerships such as Atlanta Classic Cars. It follows that, having failed to provide MBUSA itself *any* opportunity to cure the defects in the vehicle prior to filing suit, Culberson failed to comply with the "reasonable opportunity to cure" requirement imposed by 15 USC § 2310 (e) of the Federal Warranty Act. We therefore conclude the

---

[1] While the parenthetical subtitle of the Enforcement Provision refers to "Lemons Laws," there is nothing in the text of the Enforcement Provision itself that restricts its application to causes of action specifically brought under state Lemon Laws. Rather, the Enforcement Provision, read as a whole, makes clear that the parenthetical phrase was intended to be illustrative of "[l]aws in many states and federal law [that] permit owners and/or lessees to obtain a replacement vehicle or a refund of the purchase [price] or lease price under certain circumstances." The remedies that Culberson sought in this case were of this very type, and so there is no principled reason for allowing her to proceed with her express warranty claim without first satisfying the condition precedent contained in the Enforcement Provision.

trial court did not err by granting summary judgment to MBUSA on Culberson's Federal Warranty Act claims.

For the foregoing reasons, we affirm the trial court's grant of summary judgment to MBUSA on Culberson's claims for breach of express warranty and violations of the Federal Warranty Act. Neither MBUSA nor Culberson challenges any of the remaining rulings made by the trial court in its summary judgment order, and so we likewise affirm those rulings.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 29, 2005 —

*Krohn & Moss, Amy M. Budow, Eric S. Fortas,* for appellant.
*McKenna, Long & Aldridge, Jonathan R. Friedman,* for appellee.