A05A1479. McQUEEN v. MINOLTA BUSINESS SOLUTIONS, INC.
(620 SE2d 391)

ELLINGTON, Judge.

Gwendolyn McQueen appeals from the trial court's grant of summary judgment to Minolta Business Solutions, Inc., in this breach of warranty action. Finding no error, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal from the grant of summary judgment this Court conducts a de novo review.

(Citations and punctuation omitted.) *Culberson v. Mercedes-Benz USA,* 274 Ga. App. 89 (616 SE2d 865) (2005).

Viewed in this light, the evidence showed that, on March 8, 2002, McQueen purchased a Minolta copier from office supply retailer Colson Business Systems, Inc. ("Colson"). At the bottom of the Colson purchase agreement, there was a reference to the "Colson Business Systems, Inc. Guaranteed Performance" plan,[1] which would cover the

---

[1] The guaranty stated that the copier would perform to manufacturer's specifications for

copier if the purchaser enrolled in Colson's "Authorized Equipment Maintenance and Supply Program." According to Colson, McQueen did not enroll in the maintenance program, so the copier was only covered under its 90-day service agreement. The Colson purchase agreement did not refer to Minolta, other than showing the copier was a Minolta brand, and there was no indication on the agreement that the copier was covered under a Minolta warranty. Shortly after Colson delivered the machine to McQueen's business, the machine began making poor quality, unusable copies. McQueen contacted Colson, which sent repairmen to McQueen's business several times to fix the copier.

When the copier continued to malfunction, McQueen wrote a letter to Minolta in April 2002 complaining about the copier and Colson's failure to repair it. Other than asking for Minolta's help in resolving the problem with Colson, McQueen's letter did not ask for any specific relief, nor did it refer to any implied or express warranties given by Minolta. According to McQueen, a Minolta representative contacted her a week later to tell her he had forwarded a copy of the letter to Colson. The record does not contain any other response to the letter.

On May 24, 2004, McQueen sued both Colson and Minolta for breach of warranty. The complaint alleged that the defendants breached the Colson guarantee that had been printed at the bottom of the purchase agreement. The suit did not refer to a Minolta warranty or claim that Minolta had breached such warranty.

Minolta moved for summary judgment, contending that McQueen had failed to demonstrate that the copier was covered under any Minolta warranty, express or implied. Minolta showed, inter alia, that it offered only one warranty for office equipment it manufactured.[2] Minolta contended that its warranty did not apply to McQueen's copier, because she had failed to activate the warranty by sending in a registration card within 15 days of purchase, as required. Minolta also argued that McQueen had failed to submit a claim under its warranty.

---

at least five million copies or seven years, whichever comes first, that Colson would provide repair services, and that Colson would provide a free "loaner" copier until repairs are completed.

[2] According to the limited warranty, Minolta warranted to the "original retail user" that the copier would be free of defects for 90 days from the "original installation." The warranty stated that it became valid "only if the attached warranty registration card is completely filled in by the original retail user and mailed to Minolta within 15 days after installation by an authorized Minolta dealer." The warranty also expressly disclaimed "all other warranties, express or implied, of merchantability or fitness for any particular use or purpose or otherwise. . . . Minolta shall have no liability for any consequential or incidental damages occasioned by the product or by breach of any warranty with respect thereto."

In response, McQueen submitted an affidavit in which she admitted that she never received a copy of the Minolta warranty when she purchased the machine and, therefore, never sent in a registration card activating the warranty. Then, at the hearing on the summary judgment motion, McQueen told the court that she was not relying on an express warranty by Minolta, but on an implied warranty that the copier was fit for its intended purpose. Following the hearing, the trial court granted Minolta's motion for summary judgment.[3]

1. On appeal, McQueen contends the trial court erred in granting summary judgment to Minolta on the issue of whether the copier was covered by Minolta's express warranty. We disagree.

(a) "When a warrantee brings a breach of express warranty claim, the terms of the written warranty control. Thus, a warrantee can succeed on a breach of the warranty claim only if she has first satisfied the express conditions precedent for enforcement as prescribed by the warranty." (Citations and punctuation omitted.) *Culberson v. Mercedes-Benz USA*, 274 Ga. App. at 91. In this case, the undisputed evidence of record shows that McQueen failed to activate the Minolta warranty as required and failed to submit a claim under the warranty. Under the circumstances, McQueen has failed to show that the Minolta express warranty applied to the copier or that Minolta breached such warranty.

(b) McQueen contends, however, that Minolta's express warranty should still cover the copier, because she never received a copy of the warranty and the registration card and, therefore, should be relieved of the responsibility for fulfilling the activation requirement. Because McQueen failed to cite to any legal authority to support her argument, it is deemed abandoned. See Court of Appeals Rule 25 (c) (2).

(c) McQueen also argues that, in the letter she wrote to Minolta about problems with the copier, she "clearly asserted to Minolta that she was relying on their warranty whether it be express or implied." Therefore, according to McQueen, Minolta had an obligation to notify her that she had failed to activate her warranty, and Minolta's silence should be construed against Minolta as an admission that the warranty was in effect, pursuant to OCGA § 24-3-36.[4] In her letter to Minolta, however, McQueen never asserted that the copier was covered under Minolta's express or implied manufacturer's warranty,

---

[3] McQueen's claim against Colson remains pending in the trial court.

[4] "Acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36.

nor did it make a claim against Minolta under its warranty. Accordingly, we find that Minolta's failure to specifically respond to the letter and deny that its express or implied warranty applied to the copier did not rise to an admission under OCGA § 24-3-36.

Under the circumstances, we find the trial court did not err in concluding that Minolta's express warranty did not cover McQueen's copier and in granting summary judgment to Minolta on this issue. *Culberson v. Mercedes-Benz USA*, 274 Ga. App. at 93.

2. McQueen also argues, however, that even if the copier is not covered by Minolta's express warranty, Minolta should still cover it under an implied warranty. McQueen claims she relied upon such implied warranty and that she had no way of knowing that Minolta specifically disclaimed all implied warranties.

Implied warranties, however, arise out of a contract for sale of goods and can only run to a buyer who is in privity of contract with the party against whom the implied warranty is being asserted. *Cobb County School Dist. v. MAT Factory*, 215 Ga. App. 697, 702 (2) (c) (452 SE2d 140) (1994) (where a school district purchased the goods at issue directly from a retailer, not the manufacturer, it could not recover under an implied warranty from the manufacturer because there was no privity). In other words, when a buyer purchases a product from a retailer, and there is no privity of contract between the manufacturer and the buyer, no implied warranty runs from the manufacturer to the purchaser. *Chrysler Corp. v. Wilson Plumbing Co.*, 132 Ga. App. 435, 437 (1) (208 SE2d 321) (1974). In this case, McQueen purchased the copier from a retailer, Colson, not the manufacturer, Minolta. She has failed to present any evidence to support a finding of privity of contract between her and Minolta. Accordingly, McQueen cannot recover from Minolta under an implied warranty, and the trial court did not err in granting Minolta's motion for summary judgment.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 21, 2005 —
RECONSIDERATION DENIED AUGUST 31, 2005.

*Robert L. Cork*, for appellant.
*Fulp & Holt, Carl G. Fulp III*, for appellee.