55939. DeLOACH et al. v. FOREMOST INSURANCE COMPANY et al.

SHULMAN, Judge.

In a case involving multiple defendants and claims, partial summary judgment was granted in favor of Indon Industries, Inc., appellee herein, as to Count 4 of plaintiffs-appellants' complaint. On appeal, we affirm the judgment of the trial court.

1. Count 4 alleges that Indon violated the Georgia Fair Business Practices Act (Code Ann. § 106-1201 et seq., effective April 10, 1975) (hereinafter "FBPA") and seeks treble damages as well as reasonable attorney fees and expenses of litigation.

For the purpose of summary judgment, certain facts are not disputed. In February 1974, appellee, a Delaware corporation doing business in Alabama, sold an allegedly defective mobile home to appellants in Alabama. Appellants were Alabama residents at that time. In August 1975, appellants moved to Georgia. After a mover refused to tow the mobile home to Georgia because of alleged defects, appellants contacted appellee, and appellee agreed to underwrite the move, i.e., to make certain that once the mobile home got to Georgia, any damages incurred in the move which were attributable to defects would be corrected or the mobile home replaced if necessary. The mobile home was moved to Georgia by a mover who was secured by appellee. After the move was accomplished, appellee neither inspected nor serviced the mobile home.

Appellants do not argue that misrepresentations at the time of the original sale (occurring before the effective date of the FBPA) constitute violations of the FBPA. Rather, they seek to predicate liability on a certain promise made by appellee at the time of the move, which move occurred after the effective date of the statute. Appellee promised to "check [the mobile home] out [after the transfer] and if necessary, deliver . . . a brand new home."

A. Appellants presented at the hearing on the motion for summary judgment their legal theory concerning the alleged misrepresentations at the time of

the move. Although the theory was not presented in the complaint, the pleadings are deemed amended to conform to the evidence presented, and we therefore deem it proper to consider this argument. See *Summerlot v. Crain-Daly Volkswagen,* 238 Ga. 546 (233 SE2d 749). Compare *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200 (2) (243 SE2d 565).

B. Count 4 as amended seeks recovery for alleged unlawful acts or practices occurring after the effective date of the FBPA by reason of the promise made in conjunction with the move. This violation of the FBPA as alleged is a separate and distinct cause of action creating an independent right to recover under the Act. See *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813 (242 SE2d 740).

Under the evidence submitted on summary judgment, appellants cannot as a matter of law recover for a violation of the Act.

We need not decide whether the context within which the asserted violation took place was within the regulatory ambit of the FBPA. Assuming without deciding that the promise arising out of the transfer of a mobile home to Georgia occurred in the conduct of consumer transactions and consumer acts or practices in part or wholly in the state (see *State of Ga. v. Meredith Chevrolet,* 145 Ga. App. 8 (244 SE2d 15) and Code Ann. § 106-1201 (b)), we hold that the specific act complained of is not prohibited by the Act.

" '[T]he FBPA is no panacea for the congenital ills of the marketplace . . .' " *State of Ga. v. Meredith Chevrolet,* supra, p. 11. The Act does not instantly convert every alleged breach of contract into a violation of the FBPA. Under the special and particular facts of this case, the alleged violation is not an unlawful act or practice within the meaning of Code Ann. § 106-1203. Accordingly, the summary judgment as to this count was proper.

2. We need not consider other grounds advanced for the affirmance of the summary judgment.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 22, 1978 — DECIDED SEPTEMBER 7, 1978.

*Alvin T. Wong,* for appellants.

*John F. Daugherty, Long, Weinberg, Ansley & Wheeler, Clay Bush, Arnold Wright, Jr., Alston, Miller & Gaines, James S. Stokes, IV, Gregory L. Fullerton, Robert E. McCormack, III,* for appellees.