73360. GROSS et al. v. IDEAL POOL CORPORATION.
(352 SE2d 806)

POPE, Judge.

Appellants entered into a contract with appellee for the purchase and installation of a swimming pool at their residence. Appellants became dissatisfied with the work being done by appellee and eventually brought this action for damages alleging breach of contract. Appellants also sought, in the alternative, the recovery of treble damages and attorney fees pursuant to appellee's alleged violation of the Fair Business Practices Act of 1975 ("FBPA"), OCGA § 10-1-390 et seq. Following the presentation of appellants' case to the jury, the trial court granted appellee's motion for directed verdict on the FBPA

claim, and appellee consented to the entry of a $4,000 judgment against it on the breach of contract claim. Appellants now appeal the directed verdict entered against them.

1. The terms and conditions of the contract provided inter alia that "the pool shall be installed in a competent and workmanlike manner by expertly trained personnel, within thirty (30) days or less from completion of excavation, exclusive of [certain conditions not here pertinent]." Appellants presented evidence, although not without conflict, challenging the competency and workmanship of appellee's performance under the contract. Appellee admitted that mistakes were made; some of these errors were corrected, but others remained uncorrected. Appellants also showed that some of the appellee's personnel were inexperienced trainees working on their first pool, and that the activities of these personnel at the site contributed to the problems with the pool. Finally, the pool was not completed within the 30-day period provided by the contract. Appellee admitted that it was not geared to handle the volume of business it had contracted to do. Appellants wrote a letter to appellee more than 30 days before bringing this suit in which they described the problems they were experiencing with appellee's performance of the contract and demanded relief.

Private suits brought pursuant to OCGA § 10-1-399 of the FBPA "must serve the public interest and implement the purpose of the FBPA — the end to unfair or deceptive acts or practices in the public consumer marketplace. While a suit under [OCGA § 10-1-399] is brought in a plaintiff's individual capacity, it must be in his capacity as an individual member of the consuming public who has suffered damage as the result of an unfair or deceptive act or practice which had or has potential harmful effect on the general consuming public. One may bring a private suit under the FBPA only if he is individually injured by the breach of a duty owed to the consuming public in general. [OCGA § 10-1-399] does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction. In those circumstances, even though the plaintiff may be a 'consumer' with regard to the transaction, if the deceptive or unfair act or practice had or has no potential for harm to the general consuming public, the allegedly wrongful act of the defendant was not made in the context of the consumer marketplace. Unless it can be said that the defendant's actions had or has potential harm for the consumer public the act or practice cannot be said to have 'impact' on the consumer marketplace and any 'act or practice which is outside that context, no matter how unfair or deceptive, is not directly regulated by the FBPA.' *State of Ga.: v. Meredith Chevrolet*, 145 Ga. App. 8, 12 [(244 SE2d 15) (1978)]. When a 'consumer' suffers damage as the result of an unfair or deceptive act or practice

which had or has potential impact solely upon him and which is not and could not be a source of damage to any other member of the consuming public, there is no public interest to be served by proceeding under the FBPA, and the aggrieved party is relegated to pursuit of relief under other statutory or common law principles." *Zeeman v. Black*, 156 Ga. App. 82, 84-5 (273 SE2d 910) (1980). "The FBPA is no panacea for the congenital ills of the marketplace [and] does not instantly convert every alleged breach of contract into a violation of the [act.]" (Citation and punctuation omitted.) *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124, 125 (248 SE2d 193) (1978).

"In analyzing whether a defendant's allegedly wrongful activities are in violation of the FBPA to protect the public or an 'isolated' incident not covered under the statute, 'two factors are determinative: (a) the medium through which the act or practice is introduced into the stream of commerce; and (b) the market on which the act or practice is reasonably intended to impact. It is only when the application of both those factors indicates that the act or practice occurred within the context of the consumer marketplace that the fairness or deceptiveness of the act or practice need be examined.' *State of Ga. v. Meredith Chevrolet*, [supra at 12]." *Zeeman v. Black*, supra at 85. "Absent either public advertising or a misrepresentation such that the specifics of which, if repeated, could be harmful to future similarly situated buyers . . . , it is difficult to find sufficient 'public policy' to authorize resort to the FBPA." Id. at 86.

In the case at bar the evidence showed absolutely no false or misleading advertising of appellee's pools or appellee's pool construction business in general. Appellants contended only that *their pool* was not completed in accordance with the contract. There was no showing that appellee's pools or pool construction operation was misrepresented at the outset. Rather, everything pointed to as a "misrepresenation" in this case is based upon hindsight. A "misrepresentation" presupposes knowledge of the falsity of the representation and does not include representations as to future acts or events. See generally OCGA § 51-6-2; *Rogers v. Sinclair Refining Co.*, 49 Ga. App. 72 (174 SE 207) (1934). In this case the evidence shows only an "isolated" breach of contract in that appellee's future performance was not as originally provided in the contract. See *Waller v. Scheer*, 175 Ga. App. 1 (1) (332 SE2d 293) (1985). This is a plain breach of contract case, and the trial court was correct in granting a directed verdict on appellants' FBPA claim.

2. In light of our holding in Division 1, supra, any error in the trial court's exclusion of two letters from appellants to appellee in support of their FBPA claim was harmless. See *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1987.

*Ward D. Hull,* for appellants.
*Duane B. Jackson,* for appellee.