### 74638. BURDAKIN v. HUB MOTOR COMPANY.
(357 SE2d 839)

DEEN, Presiding Judge.

John Burdakin brought suit against Hub Motor Company (Hub) for performing negligent repairs to the undercarriage of his truck and also alleged a violation of the Georgia Fair Business Practice Act (FBPA), OCGA § 10-1-390 et seq. Hub was granted a motion for partial summary judgment on Count 1 which alleged the violation of the FBPA and Burdakin appeals. *Held*:

Burdakin's 1978 General Motors "Jimmy" truck was involved in a collision which resulted in extensive damage to its undercarriage including the frame, and was taken to Hub's body shop for repairs. After the work was completed, a Hub employee discovered that the truck was unsafe to test drive because the rear brakes were bad. Burdakin was informed of the brake problem, but instructed Hub not to repair them. Because of problems appellant had in receiving a check for the repairs from the insurance company handling the claim, appellant did not pick up his vehicle for five months after the repairs were completed. He claims that he had no problems with the brakes while driving home, but that it was very difficult to steer and control. Approximately two days later, he notified the body shop manager of the problem and the manager told him to bring it back for inspection so that any necessary repairs could be made. Burdakin claims he had earlier been ordered off Hub's property by its vice-president because of a dispute over his delay in picking up the truck and requested the body shop manager to pick it up. The manager denies this assertion. Approximately two months later, appellant sent Hub a letter demanding that the vehicle be picked up for repairs. The body shop manager replied by telephone and Burdakin referred him to his attorney.

In opposition to appellee's motion for summary judgment, appellant filed the affidavit of an expert witness, an engineer, who inspected the truck and determined that it had been improperly repaired, that the defects rendered it "extremely unsafe and dangerous to operate," that the defects were patent in nature and readily discoverable by a routine visual examination, and that a person responsible for the repairs to the undercarriage would not need to test drive the vehicle to determine that the repairs were defective and incomplete.

Burdakin contends that Hub violated the FBPA by improperly repairing his vehicle, knowingly transferring a dangerous vehicle back to him while representing that it had been properly repaired, and in

failing to pick it up for further repairs.

The trial court found that the alleged oral misrepresentations involved essentially "a single private controversy." We agree and find that the trial court correctly held that the purpose of the FBPA is "to protect the public from acts and practices which are injurious to *consumers*, not to provide an additional remedy for private wrongs which do not and could not affect the consuming public generally." *Zeeman v. Black*, 156 Ga. App. 82-83 (273 SE2d 910) (1980); *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124 (248 SE2d 193) (1978). The acts of Hub which Burdakin claims harmed him are personal to him and do not have a potential harmful effect on the consuming public generally. The appellee's duty involved only that of exercising reasonable care in repairing the truck. The situation therefore involved only a repair agreement between the parties and did not involve the introduction of any act or practice into the stream of commerce. Appellant's contention that Hub's misrepresentation falls within the scope of OCGA § 10-1-393 (b) (5), which provides that it is unlawful practice for a business to represent that its "goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have" is not valid. A misrepresentation that a vehicle has been repaired does not fall within this provision and the alleged misrepresentation does not fall within any of the specific acts listed.

Appellant's reliance upon *Paces Ferry Dodge v. Thomas*, 174 Ga. App. 642 (331 SE2d 4) (1985), is not warranted. In that case the defendant car dealer put a car in its sales lot and represented to the consuming public generally that it was "new when it was deteriorated or representing the car was of a particular standard, quality, or grade" when the dealer could have readily determined that it was not. Id.

The FBPA does not apply to the negligent repair of an individual vehicle when the damaged vehicle's owner brings it to a body shop and enters into a repair agreement and the body shop represents only that it has been repaired when it has not. Accordingly, the trial court did not err in granting Hub Motor Company's motion for partial summary judgment as to Count 1 of Burdakin's complaint.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1987 —
REHEARING DENIED MAY 27, 1987 — 

*Albert R. Sacks, Richard T. Taylor*, for appellant.
*Glenn Scott Bass*, for appellee.