A90A1549. SHARPE v. GENERAL MOTORS CORPORATION.
(401 SE2d 328)

CARLEY, Judge.

Appellant-plaintiff purchased a vehicle which had been manufactured by appellee-defendant. After the vehicle developed certain mechanical problems which were not corrected to his satisfaction, appellant filed suit against appellee, alleging claims for breach of warranty, fraud and violation of the Fair Business Practices Act (FBPA). Appellee answered, denying the material allegations of appellant's complaint. Thereafter, appellant's fraud and FBPA claims were resolved in appellee's favor either on motion for summary judgment or on motion for judgment on the pleadings. Accordingly, the case was tried before a jury only as to appellant's claim for breach of warranty. The jury returned a verdict in favor of appellant for compensatory damages and the trial court awarded appellant attorney's fees pursuant to the Magnuson-Moss Warranty Act. He appeals from the judgment entered on the jury's verdict and on the trial court's award of attorney's fees.

1. As to certain of appellant's FBPA claims, the trial court granted appellee's motion for summary judgment on the ground that appellant had failed to give appellee the requisite notice mandated by OCGA § 10-1-399 (b). This ruling is enumerated as error.

"It is well settled the question of sufficiency of notice is one for the court ([cits.]). . . . OCGA § 10-1-399 (b) provides that at least thirty days prior to the filing of any action, a written demand for relief be sent, 'identifying the claimant and *reasonably describing the unfair or deceptive act or practice relied upon* and the injury suffered. . . .'" (Emphasis supplied.) *Paces Ferry Dodge v. Thomas*, 174 Ga. App. 642, 643 (1) (331 SE2d 4) (1985). The record demon-

strates that, in the only notice that was ever given appellee, appellant asserted the existence of certain defects in the vehicle, appellee's failure to have corrected those defects, and a breach of warranty. It follows that the trial court correctly granted appellee's motion for summary judgment as to such *other* alleged violations of the FBPA for which *no* notice was ever given. Compare *Paces Ferry Dodge v. Thomas*, supra at 643 (1); *Colonial Lincoln-Mercury Sales v. Molina*, 152 Ga. App. 379, 382 (9) (262 SE2d 820) (1979).

2. The trial court granted appellee's motion for judgment on the pleadings as to appellant's FBPA claims for which the requisite notice was given and this ruling is enumerated as error.

Insofar as the existence of defects in the vehicle which appellee failed to repair to appellant's satisfaction is concerned, there is no " ' "unfair or deceptive act or practice which had or has potential harmful effect on the general consuming public. . . ." ' [Cit.] If we grant that every other element necessary to maintain an action under the FBPA [could be] proved, nevertheless, the situation [with regard to] this [claim] involved [two defects] in one vehicle, which defect[s] [were] apparently not visited on the consuming public. . . . All we have . . . is a defective car, a car less than perfect, but no unfair or deceptive act imposed upon the consumer marketplace." (Emphasis omitted.) *DeLoach v. Gen. Motors*, 187 Ga. App. 159, 160 (5) (369 SE2d 484) (1988). " 'The FBPA is no panacea for the congenital ills of the marketplace (and) does not instantly convert every alleged breach of contract into a violation of the (act.)' . . . [Cit.] . . . [Appellant] contended only that [*his vehicle*] was not [repaired] in accordance with the [warranty] contract. . . . [As to] this [claim, the allegations are of] only an 'isolated' breach of contract in that appellee's future performance was not as originally provided in the contract. [Cit.] This is a plain breach of contract case, and the trial court was correct in granting [judgment on the pleadings] on [this] FBPA claim." (Emphasis in original.) *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483, 485 (1) (352 SE2d 806) (1987). See also *Burdakin v. Hub Motor Co.*, 183 Ga. App. 90 (357 SE2d 839) (1987).

3. Contrary to appellant's contentions, the Magnuson-Moss Warranty Act does not give rise to an independent *claim* against appellee under the FBPA. Insofar as it is relevant here, that federal statute merely relates to *damages*, not liability, and provides for consumers' recovery of costs and attorney's fees in successful actions for breaches of warranty *under state law*. See *Freeman v. Hubco Leasing*, 253 Ga. 698, 703 (2) (324 SE2d 462) (1985). "The Magnuson-Moss Warranty Act authorizes recovery by a consumer (*who prevails in an action for damages* for failure of a supplier, warrantor or service contractor to comply with any obligation *under a written or implied warranty* or service contract) of actual costs and expenses, including attorney fees.

15 USCA § 2310 (d) (2)." (Emphasis supplied.) *Freeman v. Hubco Leasing,* supra at 705 (4). Therefore, the trial court corrrectly granted judgment on the pleadings as to appellant's purported FBPA claim against appellee based upon the provisions of the Magnuson-Moss Warranty Act.

4. Appellant also urges that, in violation of the FBPA, appellee failed to disclose the existence of and made deceptive misrepresentations about the availability of a mediation/arbitration program. However, appellant's complaint did not allege this as an FBPA violation, but did so only in connection with his fraud claims. The trial court's grant of summary judgment on appellant's fraud claim has not been enumerated as error in this appeal. Accordingly, this contention presents nothing for review.

5. In connection with appellant's breach of warranty claim, the trial court also granted partial summary judgment in favor of appellee as to the non-recoverability of damages for loss of use of the vehicle. The terms of appellee's warranty expressly excluded a recovery of consequential damages (other than for injury to the person) as a remedy for its breach and this exclusion is not unconscionable. Thus, the trial court's grant of partial summary judgment was correct. *Fiat Auto U. S. A. v. Hollums,* 185 Ga. App. 113, 114 (2) (363 SE2d 312) (1987).

6. Appellant further enumerates as error the trial court's award of attorney's fees under the Magnuson-Moss Warranty Act. Appellant's contention is that the trial court erroneously failed to award attorney's fees based upon actual time expended.

The Magnuson-Moss Warranty Act " 'permits the court to exercise its judgment (1) to award no [attorney's] fees, or (2) to award [attorney's] fees based on time only, *or* (3) to award [attorney's] fees pursuant to its *discretion.*' . . . [Cit.] . . . ' "[O]nly in the case of clear abuse of discretion by the trier may we interfere." [Cits.]' [Cits.] . . . We find . . . that the trial court did not abuse its discretion in awarding attorney['s] fees in favor of [appellant] for the amount set forth. [Cits.]" (Emphasis supplied.) *Fleetwood Motor Homes of Pa. v. McGehee,* 182 Ga. App. 151, 152-153 (1) (355 SE2d 73) (1987).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1991.

*Blount, Garcia & Singh, Udai V. Singh,* for appellant.
*King & Spalding, Charles H. Kirbo, Sandra E. Strippoli, Chilton D. Varner,* for appellee.