A94A2815, A94A2816. LYNAS v. WILLIAMS; and vice versa.
(454 SE2d 570)

BIRDSONG, Presiding Judge.

Appellee/cross-appellant Hugh Williams brought suit against appellant/cross-appellee James Lynas d/b/a Executive Collision Services (Lynas) averring, inter alia, that appellant's conduct in repairing appellee's car violated the Fair Business Practices Act of 1975, specifically OCGA § 10-1-393 (b) (7). Appellant/cross-appellee Lynas appeals from the orders of the trial court denying his motions for summary judgment and directed verdict, and denying in part his motion for j.n.o.v. or in the alternative for new trial. Cross-appellant/appellee Hugh Williams cross-appeals from the order of the state court granting in part cross-appellee's motion for j.n.o.v. with respect to exemplary damages and denying cross-appellant's motion for supersedeas bond. *Held:*

*Case No. A94A2815*

1. Appellant Lynas first enumerates that the trial court erred in denying his motion for summary judgment, on the grounds of lack of a genuine issue of material fact to at least one of the essential elements of appellee Williams' claim. This question is moot. *Talmadge*

*v. Talmadge,* 241 Ga. 609 (1) (247 SE2d 61); *First Financial Ins. Co. v. Mathis,* 214 Ga. App. 537 (448 SE2d 87); *Hitchcock v. Tollison,* 213 Ga. App. 477, 478 (1) (444 SE2d 844); compare *Preferred Risk Mut. Ins. Co. v. Thomas,* 153 Ga. App. 154 (264 SE2d 662). Moreover, even assuming error had occurred as averred in appellant's first enumeration, the circumstances before us fall within the general rule that " '[w]here a motion for summary judgment is overruled on an issue and the case proceeds to trial and the evidence at the trial authorizes the verdict (judgment) on that issue, any error in overruling the motion for summary judgment is harmless.' " *First Financial Ins. Co.,* supra at 538, quoting *Dunlap v. Dunlap,* 234 Ga. 304, 306 (3) (215 SE2d 674). Sufficiency of the evidence will be addressed in relation to appellant's second enumeration of error; see Division 3 (b) below.

2. Appellant Lynas contends the trial court erred in not admitting certain photographs. This issue is not preserved for appeal as it is not reasonably contained within the scope of appellant's enumerations of error. *Jones v. Sauls,* 213 Ga. App. 55, 58 (3) (c) (443 SE2d 693). Moreover, cursory examination of the transcript does not reveal that the trial court abused its discretion in failing to admit these photographs.

3. Appellant Lynas contends the trial court erred in denying his motions for directed verdict and motion j.n.o.v., as "there was no evidence presented at trial in support of all the required elements of appellee's cause of action."

(a) In support of this enumeration appellant asserts that appellee failed to give the statutorily required notice of OCGA § 10-1-399 (b). Appellant's contention that the notice must be given by the administrator of the FBPA is without merit; notice may be given by the claimant or his attorney. Compare *Sharpe v. Gen. Motors Corp.,* 198 Ga. App. 313 (1) (401 SE2d 328) and *Paces Ferry Dodge v. Thomas,* 174 Ga. App. 642, 643 (1) (331 SE2d 4). While the notice, pursuant to OCGA § 10-1-399, is not technically an element of a cause of action for a FBPA violation (see *Zeeman v. Black,* 156 Ga. App. 82, 87 (273 SE2d 910)), it is a statutory prerequisite to the filing of a FBPA suit that adequate written notice be timely sent. OCGA § 10-1-399 (b); see *Paces Ferry Dodge,* supra at 643 (1). The notice requirement of OCGA § 10-1-399 (b) is to be liberally construed, and the sufficiency of notice is a question for the court. *Sharpe,* supra at 313 (1); *Paces Ferry Dodge,* supra at 643 (1). The trial court found that "the letter addressed to Jim Lynas and executed by Hugh Williams on October 15, 1987, fulfills the statutory notice required" by OCGA § 10-1-399 (b). Construing the letter liberally, as we are required to do, we find the trial court did not err in concluding that the letter provided sufficient notice, under the provisions of OCGA § 10-1-399 (b), of a demand for relief based on a reasonably described FBPA violation.

Compare *Paces Ferry Dodge,* supra.

(b) Appellant Lynas contends, inter alia, that the trial court erred, as enumerated, as appellant's conduct had or has no potential for harm to the general consuming public but occurred during an essentially private transaction. " 'One may bring a private suit under the FBPA only if he is individually injured by the breach of a duty owed to the consuming public in general. (OCGA § 10-1-399) does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction. In those circumstances, even though the plaintiff may be a "consumer" with regard to the transaction, if the deceptive or unfair act or practice had or has no potential for harm to the general consuming public, the allegedly wrongful act of the defendant was not made in the context of the consumer marketplace. Unless it can be said that the defendant's actions had or has potential harm for the consumer public the act or practice cannot be said to have "impact" on the consumer marketplace and any "act or practice which is outside that context, no matter how unfair or deceptive, is not directly regulated by the FBPA." *State of Ga. v. Meredith Chevrolet,* 145 Ga. App. 8, 12 ((244 SE2d 15) (1978)). When a "consumer" suffers damage as the result of an unfair or deceptive act or practice which had or has potential impact solely upon him and which is not and could not be a source of damage to any other member of the consuming public, there is no public interest to be served by proceeding under the FBPA, and the aggrieved party is relegated to pursuit of relief under other statutory or common law principles.' *Zeeman v. Black,* [supra at 84-85]. 'The FBPA is no panacea for the congenital ills of the marketplace (and) does not instantly convert every alleged breach of contract into a violation of the (act).' (Citation and punctuation omitted.) *DeLoach v. Foremost Ins. Co.,* 147 Ga. App. 124, 125 (248 SE2d 193)." *Gross v. Ideal Pool Corp.,* 181 Ga. App. 483, 484-485 (1) (352 SE2d 806). "This is a plain breach of contract case, and the trial court [erred in denying] a directed verdict on [appellee's] FBPA claim." Id. Appellee Williams admitted in his testimony that appellant (who owned and operated an automobile repair/restoration shop) had seen appellee's 1967 limited production Chevrolet Camaro automobile at appellee's house and stopped to inquire about purchasing the vehicle; appellee declined to sell but appellant kept stopping by appellee's house attempting to buy the car; appellant stopped by "often enough that we got to know each other a little bit"; appellant would tell appellee how good he was at restoring automobiles, and "so finally after a number of months I decided that I wanted to get the car restored"; and finally, appellee told appellant he was not interested in selling but was interested in getting restoration work done on the car when appellant called again to purchase the car. This series of events led to the oral agreement

here at issue.

We find that the circumstances here establish, plainly and indisputably, that the agreement at issue was entered into as a result of an essentially private transaction; appellant's alleged acts and conduct did not in this instance arise in the context of the consumer marketplace. "Here, the alleged deception was not introduced into the stream of commerce. Nor was it reasonably intended to impact on any 'market' other than [appellee Williams]." *Larson v. Tandy Corp.*, 187 Ga. App. 893, 896 (4) (371 SE2d 663). While appellee may have a cause of action based on some other ground, there exists no viable cause of action based on a claim under the FBPA. The trial court erred as enumerated. Compare *Medley v. Boomershine Pontiac-GMC Truck*, 214 Ga. App. 795, 796 (2) (449 SE2d 128); *Sharpe*, supra at 314 (2); *Burdakin v. Hub Motor Co.*, 183 Ga. App. 90 (357 SE2d 839); see *Gross*, supra. *Paces Ferry Dodge*, supra, is factually distinguishable and not controlling. In *Paces Ferry Dodge*, "the defendant car dealer put a car in its sales lot and represented to the consuming public generally that it was 'new when it was deteriorated or representing the car was of a particular standard, quality, or grade' when the dealer could have readily determined that it was not." *Burdakin*, supra at 91.

Additionally, appellee testified that appellant stated his work was "pure work," that appellee would be "extremely pleased" by the caliber of the work, and that the work would be "stunning" and appellee was in fact "stunned" by it. These general statements as to the nature of the work constitute "puffing," and are so subjective in nature and so lacking in specificity as to any claim of workmanlike standard as to preclude a reasonable person in like circumstance from harboring any genuine reliance thereon as to any particular quality of work that would be accomplished in the future. "The Fair Business Practices Act incorporates the 'reliance' element of the common law tort of misrepresentation into the causation element of a FBPA claim. *Zeeman v. Black*, [supra at 87]. Consequently, justifiable reliance is an essential element. *Condon v. Kunse*, 208 Ga. App. 856, 859 (5) (432 SE2d 266)." *Allen v. ReMax North Atlanta*, 213 Ga. App. 644, 647 (4) (445 SE2d 774). Lack of justifiable reliance would constitute an additional reason for barring a FBPA claim. Id. at 648.

As the form of the verdict (to which neither side objected) so inextricably linked the jury's finding in favor of appellee/plaintiff as to the FBPA claim with the claim for damages to the automobile, it cannot be determined whether the jury awarded all or any part of the general or exemplary damages solely for the damage to the automobile claim. Moreover, the verdict form, by specifying the general damage award pertained to "damages to automobile and/or violation of Fair Business Practices Act," in this instance, rendered the award of

general damages contradictory as to whether the $2,100 award pertained to both causes or as to only one — and, if so, to which one. A contradictory verdict is repugnant and void; no valid judgment can be entered thereon. *Hilltop Terrace v. Baker*, 261 Ga. 592, 593 (1) (408 SE2d 704). Therefore, in view of the above discussed error, we must set aside the judgment in this case, except as to the $4,000 award with $2,160 interest entered in favor of plaintiff as to Count 1 of the main action. The award as to Count 1 was not the subject of appeal.

### Case No. A94A2816

Cross-appellant enumerates that the trial court erred in setting aside sua sponte the award of exemplary damages. The jury found no intentional violation as to the FBPA claim. Exemplary damages shall be awarded only in cases of intentional violation. OCGA § 10-1-399. A court has inherent and statutory power to correct its own proceedings before final judgment. OCGA § 15-1-3. However, whether the trial court erred in setting aside the award of exemplary damages is moot in view of our holding in Case No. A94A2815 above, the appeal in A94A2816 shall be dismissed.

*Judgment reversed in Case No. A94A2815; appeal dismissed in Case No. A94A2816. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 8, 1995 —
RECONSIDERATION DENIED FEBRUARY 28, 1995 —

*Ashenden, Flynn & Gottlieb, Edward D. Flynn III,* for appellant.
*H. Darrell Greene & Associates, H. Darrell Greene, Paul Shimek III,* for appellee.