United States Court of Appeals,

Eleventh Circuit.

No. 94-8299.

Mitchell K. FRIEDLANDER, Plaintiff-Appellant,

v.

PDK, LABS, INC., a New York Corporation, Defendant-Appellee.

July 27, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-cv-2706-ODE), Orinda D. Evans, Judge.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO O.C.G.A. § 15-2-9.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves an unanswered question of Georgia law that is determinative of this appeal. Therefore, we certify the following question of law, based on the facts and procedural history recited below, to the Supreme Court of Georgia for instructions.

FACTS

Appellant, Mitchell K. Friedlander, obtained a patent on a diet control drug and is in the process of obtaining approval for his patented product from the Food and Drug Administration (FDA). Appellee, PDK Labs, Inc. (PDK), markets and sells diet control

_____

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

products.  Friedlander alleges that PDK unfairly and deceptively markets its products.  Specifically, he alleges that PDK has failed to disclose to consumers that its products are untested and lack FDA approval.  Friedlander contends that purchasers have relied on these misrepresentations, and that, consequently, PDK has injured the general consuming public.  Friedlander also claims that PDK's alleged misrepresentations have eroded general consumer confidence in weight control products;  as a result, PDK's actions have reduced the desirability of his product and thereby injured his business.

PROCEDURAL HISTORY

On November 19, 1993, Friedlander filed a complaint in the Superior Court of Fulton County, Georgia.  Friedlander alleged that PDK violated the Georgia Fair Business Practices Act (FBPA), O.C.G.A. § 10-1-390 *et seq.*, and requested:  (1) a temporary restraining order and a preliminary injunction prohibiting the marketing and sale of PDK's products;  (2) a permanent injunction restraining the marketing and sale of PDK's products until PDK obtains FDA approval;  (3) restitution and treble damages for consumers who had purchased PDK's products;  (4) damages to compensate his losses;  and (5) attorneys' fees.  PDK removed the case to the United States District Court for the Northern District of Georgia, and filed a motion to dismiss.  Friedlander then sought to amend his complaint to allege that PDK's misrepresentations had also caused him, personally, to purchase its diet control products.

On February 26, 1994, the district court granted PDK's motion to dismiss, explaining that Friedlander was either "attempting to

bring this suit in a representative capacity on behalf of the consuming public even though he himself has suffered no actual harm as a consumer" or was "seek[ing] a private remedy for competitive disadvantage." In either case, the district court held that Friedlander could not maintain a cause of action under the FBPA. Because it dismissed the lawsuit, the district court denied Friedlander's motion to amend his complaint.[**] Friedlander then filed this appeal.

## DISCUSSION

It is clear that a plaintiff may only bring an action under the FBPA against a defendant who engages in deceptive or unfair practices that have the potential to harm the general consuming public. *See, e.g., Lynas v. Williams,* 216 Ga.App. 434, 436, 454 S.E.2d 570, 573 (1995). This requirement is not a problem in this case because Friedlander alleges that PDK's deceptive acts have harmed the general consuming public.

The Georgia Court of Appeals, however, has also stated that a plaintiff may only bring a lawsuit under the FBPA "in his capacity as an *individual member of the consuming public* who has suffered damage as the result of an unfair or deceptive act or practice which had or has potential harmful effect on the general consuming public." *Zeeman v. Black,* 156 Ga.App. 82, 84, 273 S.E.2d 910, 914 (1980) (emphasis added). Friedlander is a potential

---

[**]The district court noted that Friedlander's lawsuit was subject to dismissal even when considering his amended complaint. Specifically, the district court found that, given Friedlander's experience with the diet control market, his claim that he, as an individual consumer, was duped into purchasing PDK's products lacked any basis. Friedlander does not challenge this finding on appeal.

competitor of PDK, not a member of the consuming public. Thus, under *Zeeman,* it would appear that Friedlander does not have a cause of action.

Nonetheless, the purpose of the FBPA is "to protect consumers *and legitimate business enterprises* from unfair or deceptive practices." O.C.G.A. § 10-1-391(a) (emphasis added). The use of the conjunctive "and" may mean that the FBPA is not limited to individual consumers. If the FBPA also protects legitimate business enterprises, perhaps Friedlander does have a cause of action, for his complaint alleges that his competitor, PDK, has engaged in unfair and deceptive practices that harm the general consuming public. Furthermore,

> [a]ny person who suffers injury or damages ... or whose business or property has been injured or damaged as a result of consumer acts or practices ... in violation of [the FBPA] may bring an action individually, but not in a representative capacity, against the person or persons engaged in such unlawful consumer acts or practices....

O.C.G.A. § 10-1-399(a). Contrary to *Zeeman,* this provision does not appear to limit actions under the FBPA to individual members of the consuming public; instead, it simply allows any person that has been injured as a result of a FBPA violation to bring an action. Thus, whether a FBPA plaintiff must be an individual member of the consuming public seems to be an unsettled question of Georgia law.

Accordingly, we certify the following question to the Supreme Court of Georgia:

> Do non-consumers have a cause of action under the FBPA when they allege an injury due to a competitor's misrepresentations to the general consuming public?

The phrasing of this question is not intended to limit the Supreme

Court in considering the issue presented or the manner in which it gives its answer.  The entire record in this case and the briefs of the parties shall be transmitted to the Supreme Court of Georgia for assistance in answering this question.

QUESTION CERTIFIED.