A02A1268. PRYOR et al. v. CCEC, INC.
(571 SE2d 454)

MILLER, Judge.

A private school dismissed a student for misbehavior. The student and her mother sued the school, claiming a violation of the Georgia Fair Business Practices Act (FBPA), and asserted a claim for negligent infliction of mental distress. We uphold the grant of summary judgment to the school on the grounds that the FBPA does not apply to this private transaction and that the mental distress claim cannot lie because of the lack of physical impact to the student or the mother.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the evidence de novo in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So construed, the evidence shows that Cloister Creek Educational Center is a residential transition school for young adults in need of assistance to transition to work and independent living. On the advice of an educational consultant, Carol Pryor considered placing her 18-year-old daughter there in the summer of 1999. She met with the director of Cloister Creek, who concluded that Pryor's daughter was appropriate for the program. Pryor paid the school $7,811.36 (representing three months of tuition), and her daughter was admitted in early July. Pryor admits that the financial arrangement was governed by an unsigned document she reviewed at that time, which stated that the tuition was nonrefundable. No one contradicted this statement. Nor were any representations made to Pryor regarding grounds or procedures for dismissal.

On July 21, 1999, the school director was replaced by Dr. Wiley. Over the next few weeks, Dr. Wiley received reports that the daughter assaulted two students, violated curfew by showering after hours, and violated boundary restrictions by running into the woods behind the school; Dr. Wiley also witnessed the daughter respond to reprimands by donning army fatigues. Aware of her daughter's prior history of threats and of defiance to teachers, Pryor received reports from the school regarding the fatigues and the curfew violation. Plaintiffs have no evidence to refute any of the allegations of misbe-

havior against the daughter. However, Pryor was not notified of the assaults or of the boundary violation.

Based on this behavior and on a review of the daughter's medical records, Dr. Wiley concluded that she had behavioral disorders and dismissed her from the school on August 7, 1999. Despite the school's "no refund" policy, the school did refund $1,983.76 to Pryor. Pryor requested the school to set forth the grounds for dismissal in writing, to which the school did not respond.

Pryor and her daughter then brought the present action against the school. In the first count, they allege that the school violated the FBPA (OCGA § 10-1-393) by falsely representing that the program was appropriate for the daughter and then (shortly after the daughter began the program) arbitrarily reversing that decision and dismissing her without refunding "most of the money" paid for tuition. The second count alleges a claim for negligent infliction of mental distress in that Dr. Wiley failed to exercise due care in the determination that the daughter had a behavioral disorder and in dismissing her, which action worsened the daughter's mental condition and caused her mental anguish. The trial court granted summary judgment on all claims, which the mother and daughter appeal.

1. "One may bring a private suit under the FBPA only if he is individually injured by the breach of a duty owed to the consuming public in general. [The Act] does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction." (Citation and punctuation omitted.) *Lynas v. Williams*, 216 Ga. App. 434, 436 (3) (b) (454 SE2d 570) (1995). "Unless it can be said that the defendant's actions had or has potential harm for the consumer public the act or practice cannot be said to have 'impact' on the consumer marketplace and any act or practice which is outside that context, no matter how unfair or deceptive, is not directly regulated by the FBPA." (Citation and punctuation omitted.) *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483, 484 (1) (352 SE2d 806) (1987); accord *Zeeman v. Black*, 156 Ga. App. 82, 84 (273 SE2d 910) (1980).

The transaction at issue here was an essentially private transaction. The school's alleged acts and conduct did not arise in the context of the consumer marketplace. Based on a review of the daughter's private medical records, the school director determined that her particular placement at the school was appropriate. In light of the daughter's misbehavior at the school (which was not fully communicated to the mother) and a further review of the records, the succeeding school director determined that dismissal of this particular student was appropriate. A partial tuition refund was given (despite the school's policy of giving no refunds). Even if the original decision to admit the daughter was a ruse, or if the decision to dismiss her

violated a duty owed to the mother or daughter, or if the refund was too small, these acts were "not introduced into the stream of commerce," nor were they "reasonably intended to impact on any market other than" Pryor and her daughter. (Citation and punctuation omitted.) *Lynas*, supra, 216 Ga. App. at 437 (3) (b). Accordingly, "there exists no viable cause of action . . . under the FBPA." Id.

2. There is no viable cause of action for negligent infliction of mental distress. "In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." (Punctuation and footnote omitted.) *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 584 (I) (533 SE2d 82) (2000), quoting *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992). As it is undisputed that neither Pryor nor her daughter was physically injured by the school's actions, this claim must fail.

3. Although not expressly stated in the complaint, a breach of contract claim may have been implied in the allegations. Pryor and her daughter seem to contend that the school owed them a contractual duty to not dismiss the daughter, or at least owed them a duty to give Pryor a full refund if it did. The undisputed evidence defeats this implied claim. Pryor admitted that a one-page document governed the financial arrangement and that this document clearly stated that "[t]uition is NON-REFUNDABLE." She further testified that no one told her the tuition would be refunded.

Pryor also testified that no one told her that her daughter "was guaranteed enrollment in the school and that she would never be dismissed from the school, under any circumstances." Dismissal was not discussed with her at all, including the policies and procedures regarding such. She did testify that a dismissal based on assaulting other students would have been proper. Thus, the undisputed evidence shows no breach of contract.

4. Pryor asserts that an unjust enrichment claim for the refund of more tuition could also be implied. Even if it could, the claim fails. She testified that the document stating that the tuition was nonrefundable governed the financial arrangement. An unjust enrichment theory does not lie where there is an express contract. *Kwickie/Flash Foods v. Lakeside Petroleum*, 246 Ga. App. 729, 730 (541 SE2d 699) (2000).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 18, 2002.

*John H. Bedford*, for appellants.
*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Kristy L. Eckhardt*, for appellee.