### A03A0630. FULLER v. LAKEVIEW ACADEMY.
(583 SE2d 282)

MILLER, Judge.

Lakeview Academy sued Barbara Fuller for tuition owed under student enrollment contracts that Fuller signed when she enrolled her two children in school at Lakeview. Asserting breach of contract,

---

Fuller counterclaimed for a return of all tuition paid to Lakeview and for the amount she paid for her children to attend a learning center. Following a bench trial, the court ruled in favor of Lakeview on its claim for tuition owed and against Fuller on her counterclaim. Fuller appeals, challenging the trial court's ruling on her counterclaim. We affirm.

"We review appeals from bench trials, where the trial judge sits as trier of fact and has the opportunity to assess witness credibility, under the clearly erroneous standard. Therefore, the trial court's findings of fact will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Harper v. Foxworthy, Inc.*, 254 Ga. App. 495-496 (562 SE2d 736) (2002).

The evidence showed that Fuller enrolled her two children in Lakeview Academy to begin the first grade, after they successfully completed kindergarten at the school. Fuller became displeased with the treatment the children were receiving because they could not read. She withdrew the children from Lakeview and enrolled them in a public school (and a Sylvan Learning Center).

Lakeview sued to recover the amount remaining due under the enrollment contracts. Fuller counterclaimed for a refund of "the purchase price of all tuition and books for [the Fuller children] for failure to provide quality educational services contracted for," and a refund of "monies . . . paid to Sylvan Learning Center to educate the . . . children in the basics which Lakeview failed to do under the contract."

In three enumerations, Fuller argues that the court erred in ruling against her on her claim for recoupment. Fuller's claim for recoupment is, in effect, a counterclaim against Lakeview for breach of contract. See *Johnston v. Conasauga Radiology*, 249 Ga. App. 791, 794 (2) (549 SE2d 778) (2001); OCGA § 13-7-2. The trial court found as fact that Lakeview fulfilled its obligations under the contract by providing the school, teachers, and facilities. As the evidence, including Fuller's own testimony, supports the court's findings, Fuller has not shown any breach of contract giving rise to a return of tuition or justifying reimbursement for amounts paid to Sylvan Learning Center. See *Pryor v. CCEC, Inc.*, 257 Ga. App. 450, 452 (3) (571 SE2d 454) (2002). Thus, under the "any evidence" standard, we affirm.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 11, 2003.

*Greene, Buckley, Jones & McQueen, John D. Jones*, for appellant. *Swift, Currie, McGhee & Hiers, Stephen M. Schatz, Kelley C.*

*Herrin, Freisem, Macon, Swann & Malone, John A. Swann, Francis C. Schenck,* for appellee.