[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-14983
Non-Argument Calendar

_____

D. C. Docket No. 08-01388-CV-JOF-1

GLENN GILMORE,

Plaintiff-Appellant,

versus

ACCOUNT MANAGEMENT, INC.,
a Tennessee corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 16, 2009)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

This question in this case is whether the defendant-appellee's conduct in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–92p, also violated Georgia's Fair Business Practices Act of 1975 (FBPA), O.C.G.A. §§ 10-1-390–407. The district court erred when it answered that question in the negative. We therefore vacate the district court's judgment and remand.

The facts are straightforward: Glenn Gilmore sued and asserted claims under the FDCPA and the FBPA against Account Management for its conduct during an attempt to collect an assigned debt from Gilmore.[1] Account Management filed no answer to the complaint, and a magistrate judge recommended entering default judgment against the defendant on both of Gilmore's claims. The district court adopted the magistrate judge's recommendation on the FDCPA claim, but it concluded that Gilmore's state-law FBPA claims failed because he had not presented any evidence that Account Management's conduct had the potential to harm the general public.[2] Gilmore now appeals.

_____

[1] Gilmore primarily alleged that Account Management had harassed him by failing to identify itself properly, misrepresenting the amount and character of the debt (both to him and to credit reporting agencies), and threatening him with unlawful litigation.

[2] The district court awarded Gilmore damages, costs, and attorney's fees on the FDCPA claim but did not reach the question of damages on his FBPA claim.

The district court's conclusion was contrary to well-settled Georgia law defining the scope of the FBPA: "If the public consumer interest would be served, one instance of an unfair or deceptive act or practice is a sufficient basis for a claim under the FBPA." *Marrale v. Gwinnett Place Ford*, 609 S.E.2d 659, 665 (Ga. Ct. App. 2005). Although the FBPA "does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction," *Zeeman v. Black*, 273 S.E.2d 910, 914 (Ga. Ct. App. 1980), Georgia courts have defined these essentially private transactions narrowly. For example, a mechanic repairing an single vehicle engages in a purely private transaction, but a car repair hobbyist who occasionally sells a refurbished vehicle to an individual buyer does not. *Compare Burdakin v. Hub Motor Co.*, 357 S.E.2d 839, 841 (Ga. Ct. App. 1987) ("The FBPA does not apply to the negligent repair of an individual vehicle when the damaged vehicle's owner brings it to a body shop and enters into a repair agreement and the body shop represents only that it has been repaired when it has not."), *with Campbell v. Beak*, 568 S.E.2d 801, 805 (Ga. Ct. App. 2002) (concluding that a defendant's actions were not "purely private" when he repaired and sold about three wrecked cars a year to individual buyers).[3]

---

[3] *See also Borden v. Pope Jeep-Eagle, Inc.*, 407 S.E.2d 128, 131 (Ga. Ct. App. 1991) ("The trial court did not err in directing a verdict for defendant on the FBPA claim. There is no evidence that the defendant's actions in this transaction had the potential for harming the general public.

Moreover, *1st Nationwide Collection Agency, Inc. v. Werner*, 654 S.E.2d

428 (Ga. Ct. App. 2007), is directly on point.  The appellant in that case had

violated the FDCPA during its efforts to collect an assigned debt from the

appellee, an individual.  With reasoning that controls the disposition of this case,

the Georgia Court of Appeals affirmed the trial court's judgment against the

appellant on the appellee's FBPA claim:

> The consumer credit industry is one of the largest financial sectors of
> the U.S. economy and heavily impacts the market place by affecting
> the general public's ability to obtain goods and services.
> Misrepresenting consumers' financial indebtedness to others or
> falsely reporting consumers' credit histories has a potential adverse
> effect on the consumer marketplace and the economy in general.  As
> such, collecting a debt incurred during a consumer transaction could
> harm the general consuming public if conducted via deceptive acts or
> practices and clearly falls within the parameters of the FBPA.

*Id.* at 431 (quotation marks and citations omitted).  Gilmore's alleged debt was

incurred during a consumer transaction for the provision of lawn care services.  *Cf.*

*id.* ("[A] consumer transaction occurred when Spencer Recovery Centers provided

Werner medical services . . . .").  And Gilmore pleaded facts in his complaint

---

Defendant did not advertise simple interest contracts to the general public nor was there evidence
that it was defendant's practice to sell cars promising simple interest installment loans and later
attempt to dishonor those contracts.  Defendant entered into a simple interest installment loan
with plaintiff at plaintiff's urging."); *Zeeman*, 273 S.E.2d at 916 ("A single oral
misrepresentation made in the context of an isolated nondevelopmental sale of real property
relating to unique facts concerning that property appears to be an essentially 'private' controversy
with no impact whatsoever on the consumer marketplace.").

sufficient to establish that Account Management was part of the consumer credit and debt collection industry. On these facts, the district court's conclusion that Account Management's conduct could not possibly have harmed the general public was in error.

*Werner* also supports the conclusion that Account Management necessarily violated Georgia's FBPA when it violated the FDCPA. The FBPA is to be interpreted in accordance with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). O.C.G.A. § 10-1-391(b). "For purpose of the exercise by the Commission of its functions and powers under the Federal Trade Commission Act [15 U.S.C. 41 et seq.], a violation of [the FDCPA] shall be deemed an unfair or deceptive act or practice in violation of that Act." 15 U.S.C. § 1692*l*(a) (first brackets in original). In *Werner*, the court held that "interpreting and construing the FBPA consistently with interpretations of the Federal Trade Commission Act, the trial court correctly ruled that Nationwide's violation of the FDCPA also constituted a violation of the FBPA." 654 S.E.2d at 431.

The district court therefore erred in denying Gilmore's motion for default judgment on his FBPA claim. Accordingly, we affirm its judgment as to Gilmore's FDCPA claim, vacate its judgment as to his FBPA claim, and remand for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.**