[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11762
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-00515-TWT

ROLAND CARLISLE,

Plaintiff-Appellee,

versus

NATIONAL COMMERCIAL SERVICES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 2, 2018)

Before JORDAN, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellee Roland Carlisle sued Defendant-Appellant National Commercial Services, Inc. (NCS), claiming that NCS violated the Fair Debt Collection Practices Act (FDCA), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. §§ 10-1-390–407. NCS appeals the district court's entry of a default judgment in favor of Carlisle. NCS argues that the district court erred by failing to grant its motion to set aside the clerk's entry of default, by granting Carlisle's motion for default judgment, and by awarding damages to Carlisle without holding an evidentiary hearing. As discussed below, we affirm the judgment of the district court.

## I.    STANDARD

We review the district court's denial of a motion to set aside the clerk's entry of default and grant of a default judgment for an abuse of discretion. Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 898 (11th Cir. 1990). "A district court abuses its discretion when, in reaching a decision, 'it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" S.E.C. v. Smyth, 420 F.3d 1225, 1230 (11th Cir. 2005) (quoting Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002)).

## II.    BACKGROUND

Carlisle alleged that NCS attempted to collect a $1,892.00 debt from him. Carlisle told NCS representatives over the phone that he disputed the debt in February 2013 and March 2013. In April 2013, NCS reported to Experian, Equifax, and Trans Union that Carlisle owed the debt but failed to include that Carlisle disputed the debt. Carlisle disputed the debt with Equifax and requested that Equifax verify the debt with NCS. Equifax replied to Carlisle that it had researched the NCS debt and told Carlisle that NCS had verified that the amount was correct. About a year later, Carlisle's counsel sent letters to Experian and Trans Union disputing the NCS debt. Experian did not respond. Trans Union told Carlisle that it had investigated the dispute and verified the accuracy of the debt.

Based on these allegations, Carlisle sued NCS, Experian, Equifax, and Trans Union, claiming in part that NCS violated the FDCA, the FCRA, and the GFBPA. NCS did not file a responsive pleading and the clerk entered default against NCS on July 14, 2014. On November 3, 2014, NCS filed a motion to set aside the default. NCS admitted that the default was due to its counsel's carelessness in monitoring the lawsuit but argued that the failure to respond was not willful. NCS failed to expressly argue that service was improper or file any evidence to that effect. Carlisle responded in opposition to NCS's motion, arguing that NCS failed to show good cause to set aside the default under Federal Rule of Civil Procedure

3

55(c). In its reply brief, NCS argued for the first time that the default should be set aside due to insufficient service of process; it offered the declaration of Zoran Jovanovski to support its argument. Carlisle moved the strike the declaration as untimely.

The magistrate judge issued an order granting Carlisle's motion to strike Jovanovski's declaration. NCS did not object to that order. The magistrate also recommended that the court deny the motion to set aside the default. The magistrate judge concluded that there was not good cause to set aside the default under Rule 55(c) because the default was due to NCS's carelessness. The magistrate judge also concluded that NCS waived its insufficient service of process argument by failing to squarely raise the issue in its opening brief. Neither party objected to the recommendation, which the district court adopted.

Several months later Carlisle filed a motion for default judgment against NCS, attaching several affidavits to support his claimed damages. The magistrate judge recommended granting the motion. The magistrate judge concluded that Carlisle's allegations supported a finding that NCS violated the FDCA by failing to provide Carlisle with written notice of the debt within five days of their initial communication, see 15 U.S.C. § 1692g(a), falsely representing the character, amount, or legal status of the debt, see 15 U.S.C. § 1692e(2)(A), and failing to notify Experian, Equifax, and Trans Union that Carlisle disputed the debt, see 15

4

U.S.C. § 1692e(8). The magistrate judge recommended the maximum statutory award of $1,000.00 for these violations. See 15 U.S.C. § 1692k(a)(2)(A). The magistrate judge further concluded that these acts violate the GFBPA. See O.C.G.A. § 10-1-393(a); Gilmore v. Account Mgmt., Inc., 357 F. App'x 218, 221 (11th Cir. 2009) (per curiam) (reversing the district court's determination that violations of the FDCA did not violate the GFBPA). The court determined that Carlisle was entitled to $7,000.00 for his emotional distress and, based on the court's conclusion that NCS's noncompliance with the GFBPA was plausibly willful, awarded Carlisle treble damages under O.C.G.A. § 10-1-399(c).

Finally, the magistrate judge concluded that Carlisle sufficiently alleged that NCS violated the FCRA by reporting inaccurate information to Experian, Equifax, and Trans Union and failing to properly investigate the debt after receiving notice that Carlisle disputed it. See 15 U.S.C. § 1681s-2(a), (b). The magistrate judge recognized that Carlisle would ordinarily be entitled to damages for his emotional distress caused by NCS's violations of the FCRA but observed that it could not distinguish the mental distress that Carlisle suffered as a result of the FCRA violations from the mental distress that he suffered as a result of the FDCA and GFBPA violations. Thus, the magistrate judge recommended that Carlisle receive no damages for NCS's violations of the FCRA because such damages would be

5

duplicative of Carlisle's damages for his mental distress under the FDCA and the GFBPA.

Over NCS's objection, the district court adopted the magistrate judge's report and recommendation, awarding Carlisle $22,000.00 in damages. On appeal, NCS claims that the district court erred by: (1) striking Jovanovski's declaration; (2) denying NCS's motion to set aside the default; (3) granting Carlisle's motion for default judgment; and (4) awarding Carlisle $22,000.00 in damages.

### III.    MOTION TO STRIKE

NCS waived any objection to the magistrate's order granting Carlisle's motion to strike Jovanovski's declaration by failing to object to the order. See Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam) ("We have concluded that, where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court.").

### IV.    MOTION TO SET ASIDE DEFAULT

NCS argues that the district court abused its discretion by denying the motion to set aside the default judgment because: (1) service was insufficient; and (2) the magistrate judge's report and recommendation applied the Rule 60(b) standard for setting aside a default judgment instead of the Rule 55(c) "good cause" standard. Neither argument has merit. First, we note that NCS did not

6

object to the magistrate judge's recommendation that the district court deny the motion to set aside the default judgment. Thus, NCS has arguably waived its right to object to the magistrate judge's recommendation. See 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.").

Regardless, we find no plain error or abuse of discretion in the decision to deny the motion to set aside the default. Rather, the court was within its discretion to conclude that NCS waived its insufficient service of process argument by failing to assert the argument in its opening brief. See In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1300 (11th Cir. 2003) (holding that the party waived its insufficient service of process argument by failing to raise it in its motion to set aside a default judgment in the bankruptcy court). And the magistrate judge thoroughly reviewed the Rule 55(c) standard in its report and recommendation. The fact that the magistrate judge also relied on cases addressing Rule 60(b) motions does not indicate that the magistrate judge applied the wrong standard. NCS's argument to the contrary is without merit.

## V.    MOTION FOR DEFAULT JUDGMENT

NCS argues that the district court abused its discretion by granting NCS's motion for default judgment as to Carlisle's FCRA claim based on facts alleged "on information and belief." Section 1681s-2(b) requires furnishers of credit information to investigate the accuracy of the information upon notice from a credit reporting agency that the consumer disputes the information. NCS claims that Carlisle fails to sufficiently allege that the credit reporting agencies notified NCS that Carlisle disputed the debt because Carlisle alleged this fact "upon information and belief." But Carlisle also alleges the facts that led him to that belief; specifically, Carlisle alleges that Equifax responded to his dispute by informing him that NCS had verified the debt. Thus, the district court did not abuse its discretion by concluding that Carlisle's allegations are sufficient to support violation of § 1681s-2(b) of the FCRA.[1] Moreover, although the court concluded that Carlisle was entitled to emotional distress damages for this violation, it declined to award Carlisle those damages because they are duplicative of Carlisle's damages under the GFBPA.

---

[1] NCS also argues that the district court abused its discretion by not striking Carlisle's motion for default judgment based on Carlisle's failure to comply with the court's page limit. NCS reasons that since the district court struck its untimely declaration, the court was required to strike Carlisle's motion. This argument is baseless.

8

## VI.    DAMAGES

NCS argues that the district court erred by awarding Carlisle $1,000.00 in statutory damages for its violations of the FDCA. The FDCA allows the court to award up to $1,000.00 in statutory damages for violations of the Act. 15 U.S.C. § 1692k(a)(2). To determine the amount of statutory damages, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).  Here, the district court awarded the maximum statutory amount based on its conclusion that NCS's noncompliance continued despite Carlisle's multiple disputes of the debt and the fact that NCS's noncompliance with the FDCA could have significantly damaged Carlisle's credit. NCS argues that the district court abused its discretion by failing to expressly consider all of the relevant factors. But the statute does not require the district court to expressly find that each factor is applicable in order to award the maximum amount of statutory damages. And the district court did not abuse its discretion by concluding that Carlisle sufficiently alleged that NCS persisted in violating the FDCA despite Carlisle's repeated efforts to dispute the debt.

Next, NCS claims that Carlisle is not entitled to damages under the GFBPA. Under the GFBPA, Carlisle may recover damages for NCS's violations of the FDCA. See O.C.G.A. § 10-1-393(a) ("Unfair or deceptive acts or practices in the

conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful."); O.C.G.A. § 10-1-399(a) (providing that consumers may recover damages for violations of the Act); Gilmore, 357 F. App'x at 221 (recognizing that violations of the FDCA are within the scope of the GFBPA). As the magistrate judge recognized, however, Carlisle's GFBPA claims based on NCS's violations of the FCRA are preempted by federal law under 15 U.S.C. § 1681t(b)(1)(F). Thus, Carlisle cannot recover damages under the GFBPA for NCS's violations of the FCRA, but Carlisle may recover damages under the GFBPA for NCS's violations of the FDCA.

NCS thus argues that Carlisle offered insufficient evidence that the $7,000.00 in emotional distress damages were caused by NCS's violations of the FDCA, rather than the FCRA. But, as the magistrate judge recognized, it is difficult to distinguish between Carlisle's mental distress caused by violations of the FDCA and his mental distress caused by violations of the FCRA. Indeed, some of NCS's conduct, such as its initial report of Carlisle's debt to credit reporting agencies, violated both Acts. See 15 U.S.C. § 1692e(8); 15 U.S.C. § 1681s-2(a)(1)(A). Additionally, Carlisle's declaration supports a finding that NCS's false representation of the debt and failure to notify credit reporting agencies that the debt was disputed caused Carlisle emotional distress. Those acts constitute violations of the FDCA. See 15 U.S.C. § 1692e(2)(A), (8). Thus, the court did not

10

abuse its discretion by concluding that Carlisle was entitled to $7,000.00 in emotional distress damages for violations of the FDCA that also constitute violations of the GFBPA. And NCS does not argue that the district court erred by awarding Carlisle treble damages under the GFBPA.

NCS also claims that Carlisle presented insufficient evidence of emotional distress damages under the standard used by this Court in Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271 (11th Cir. 2014). But Lodge addressed the standard for emotional distress damages under 11 U.S.C. § 362(k) of the Bankruptcy Code, and here the standard for emotional distress damages is governed by Georgia law. Moreover, the affidavits filed by Carlisle support the magistrate judge's finding that Carlisle suffered considerable stress and aggravation on a regular basis as a result of NCS's violations of the FDCA. Thus, the court did not abuse its discretion by awarding Carlisle damages for emotional distress.

Finally, the district court did not abuse its discretion by failing to hold an evidentiary hearing to determine the proper amount of damages. NCS did not request an evidentiary hearing in the district court. And this Court has recognized that the district court is not required to hold an evidentiary hearing before granting a default judgment "where all essential evidence is already of record." Smyth, 420 F.3d at 1232 n.13. Here, Carlisle filed an affidavit regarding his emotional distress

11

as a result of NCS's conduct. Given that NCS did not file any evidence disputing

Carlisle's emotional distress damages and did not request an evidentiary hearing,

the district court was within its discretion to conclude that a hearing was

unnecessary.

**AFFIRMED.**